Steven Richmond **CUMMINGS**, Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 05–5002.

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge,
BRYSON and PROST, Circuit Judges.

### ORDER

BRYSON, Circuit Judge.

The United States moves to summarily affirm the order of the United States Court of Federal Claims that dismissed Steven Richmond Cummings' complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. Cummings opposes and moves to remand.

Cummings sued the United States, seeking redress for a variety of asserted injuries including, inter alia, the government's failure to prevent certain harms. The Court of Federal Claims ordered that the complaint be dismissed for lack of jurisdiction and for failure to state a claim upon which relief could be granted.

The United States argues that the Court of Federal Claims order should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, it is clear that summary disposition is warranted. Cummings cites to a variety of statutes but has not raised a claim for relief that could be within the jurisdiction of the Court of Federal Claims. Most of the claims are not related to acts of the United States, and to the extent that some claims might be directed against the United States, even with a liberal reading of Cummings' complaint, those claims would arise if at all in tort. The Court of Federal Claims does not have jurisdiction to hear cases arising in tort. 28 U.S.C. § 1491(a)(1); *Brown v. United States,* 105 F.3d 621 (Fed.Cir.1997) (Court of Federal Claims "lacks jurisdiction over tort actions against the United States.").

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to summarily affirm is granted.

(2) The motion to remand is denied.

(3) Each side shall bear its own costs.