NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5113

M. ROBERT ULLMAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  October 5, 2005

_____

Before, MICHEL, Chief Judge, BRYSON, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

M. Robert Ullman ("Ullman") appeals from the final judgment of the United States Court of Federal Claims dismissing the complaint pursuant to Rule 12 of the Rules of the Court of Federal Claims for failure to state a claim and lack of subject matter jurisdiction.  Ullman v. United States, 64 Fed. Cl. 557 (Fed. Cl. 2005).  Count I of Ullman's complaint alleges that the Internal Revenue Service ("IRS") refused to provide him with "Chief Counsel advice" in violation of 26 U.S.C. § 6110.  Count II of Ullman's complaint alleges "fraudulent concealment" and "obstruction of justice" on the part of IRS employees.  We agree with the Court of Federal Claims that Ullman has failed to

state a claim under 26 U.S.C. § 6110, and that the Court of Federal Claims lacks jurisdiction over Ullman's "fraudulent concealment" and "obstruction of justice" claims. We therefore affirm the judgment.

I

The trial court's opinion fully sets forth the background facts of this case. See Ullman, 64 Fed. Cl. at 559-63. The salient facts, however, are noted here. In 1991, the IRS issued an assessment against Ullman totaling $45,651.51. The IRS assessed this amount against Ullman as a responsible officer of Canoe Manufacturing, Inc. Because Ullman was unable to pay the lump sum, he executed a written installment agreement with the IRS. It provided that Ullman was to make monthly payments of $600 until his tax liability was satisfied. Ullman alleges that the IRS entered into a contemporaneous oral agreement providing that, if Ullman's pension payments were reduced, the IRS would allow a concomitant reduction in installment payments.

Subsequently, Ullman requested advice from the IRS Chief Counsel concerning his right to reduce payments for circumstances unrelated to his pension. During this time, Ullman received several letters from the IRS, which according to Ullman, indicated that "Chief Counsel advice," as defined in 26 U.S.C. § 6110, would be prepared.

Ullman's monthly pension was reduced by $347.60 in May 2000. Premised on that reduction, and relying on the alleged oral agreement, Ullman asked the IRS to allow a commensurate reduction in his monthly installment payments. Because he received no response, Ullman unilaterally reduced his monthly payment from $600.00 to $225.40.

Because Ullman failed to make payments in accordance with his installment agreement, the IRS terminated the agreement. The IRS then brought suit in the United States District Court for the Eastern District of Pennsylvania to reduce the tax assessment to judgment. United States v. Ullman, No. 01-0272, 2001 WL 1346348 (E.D. Pa. Oct. 30, 2001) ("Ullman I"). Ullman counterclaimed for wrongful tax collection and alleged that the IRS violated the installment agreement by failing to provide the "Chief Counsel advice." The parties filed cross-motions for summary judgment. Finding that Ullman did not meet his burden of showing that the amount of assessment was incorrect, the district court granted summary judgment in favor of the government, dismissed Ullman's motion to compel as moot, and dismissed Ullman's counterclaims. Id. at *5.

Ullman sought reconsideration, claiming that he had a right to reduce his monthly installment payments because of the alleged oral agreement with the IRS. United States v. Ullman, No. 01-0272, 2002 WL 373350 (E.D. Pa. Jan. 29, 2002) ("Ullman II"). After determining that Ullman appeared to have stated a claim for wrongful collection activities, the district court reinstated Ullman's § 7433 counterclaim and scheduled a trial. Id. at *2.

The parties again sought summary judgment on the § 7433 counterclaim. The district court granted summary judgment for the government. United States v. Ullman, No. 01-0272, 2002 WL 987998 at *4 (E.D. Pa. May 8, 2002) ("Ullman III"). The district court ruled that the alleged oral agreement could not modify the underlying agreement, because the tax law does not authorize oral installment agreements. Id. Ullman appealed to the U.S. Court of Appeals for the Third Circuit, which affirmed the district

05-5113                                            3

court.  United States v. Ullman, No. 02-2752, slip op. at 1-2 (3d Cir. Jan. 28, 2003) ("Ullman IV"), cert. denied, 540 U.S. 950 (2003), pet. for reh'g denied, 541 U.S. 957 (2004).

On August 10, 2004, Ullman filed this action in the Court of Federal Claims. Count I alleges that the IRS failed, upon request, to provide him with the Advice of Chief Counsel as required by 26 U.S.C. § 6110.  Count II alleges fraudulent concealment and obstruction of justice by IRS employees.  Ullman seeks damages in excess of $15 million.  The Court of Federal Claims ordered the parties to file memoranda discussing the applicability of § 6110 in light of a written communication from the IRS to Ullman.

The Court of Federal Claims determined that the pleading failed to state a claim as to the advice of Chief Counsel, and that it lacked jurisdiction over the fraudulent concealment and obstruction of justice allegations.  It dismissed the complaint.  Ullman timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

II

A

This court reviews de novo a dismissal under Rule 12 of the United States Court of Federal Claims Rules ("RCFC"). See Boyle v. United States, 200 F.3d 1369, 1377 (Fed. Cir. 2000) (reviewing a dismissal under RCFC 12(b)(1) and 12(b)(6)). Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("a trial court's ruling on its own jurisdiction is a question of law which we review de novo"); New York Life Ins. Co. v. United States, 190 F.3d 1372, 1376-78 (Fed. Cir. 1999) ("[w]hether the court properly dismissed for failure to state a claim is a question of law which we review de novo"). This court tests the sufficiency of the complaint as a matter of law, accepting as true all

non-conclusory allegations of fact, construed in the light most favorable to the plaintiff. See Samish Indian Nation v. United States, 2005 U.S. App. LEXIS 17774 at *20 (Fed. Cir. 2005). The case may be properly dismissed if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief." See Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1131 (Fed. Cir. 1998).

B

Ullman argues that the trial court erred in ruling that he had failed to allege facts that would entitle him to receive "Chief Counsel advice" under 26 U.S.C. § 6110. We disagree.

Section 6110 governs public inspections of written determinations by the IRS. The statute defines "written determination" as "a ruling, determination letter, technical advice memorandum, or Chief Counsel advice" issued by the IRS. 26 U.S.C. § 6110(b)(1). "Chief Counsel advice," as defined by § 6110(i)(1), is written advice or an instruction interpreting any revenue provision that is: (1) prepared by any national office component of the IRS Office of Chief counsel; and (2) issued to IRS field or service center employees. See 26 U.S.C. § 6110(i)(1)(A).

Where the IRS provides "Chief Counsel advice" with respect to a specific taxpayer, the IRS must, within 60 days of its issuance, notify the taxpayer that it intends to publish the "Chief Counsel advice." See 26 U.S.C. § 6110(i)(4)(B). The notice must include a copy of the "Chief Counsel advice," noting the information that the IRS proposes to delete. See 26 U.S.C. § 6110(i)(4)(B). If the IRS fails to make deletions, or fails to follow the procedures set forth in § 6110(i)(4)(B), any person identified in the

written determination may sue for damages in the Court of Federal Claims. See 26 U.S.C. § 6110(j)(1).

Ullman's complaint depends on the right to sue pursuant to § 6110(j)(1). Ullman argues that under 26 U.S.C. § 6110, he was entitled to receive the advice of Chief Counsel upon his request. His reliance on § 6110 is misplaced. Section 6110 provides for proper dissemination and redaction procedures for written determinations already issued by the IRS. Requiring the IRS to actually issue rulings for requesting taxpayers falls outside the scope of § 6110. Similarly, § 6110 does not provide taxpayers with an enforceable right to receive legal advice from the IRS. Because § 6110 does not require the IRS to issue "Chief Counsel advice," the Court of Federal Claims correctly determined that Ullman's contention that the IRS never gave him legal advice on request fails to state a claim.

Ullman further contends that "Chief Counsel advice" pertaining to his case was prepared, but that the IRS withheld it from him in violation of 26 U.S.C. § 6110(i)(4)(B). We disagree. Although Ullman assumes that his request to obtain "Chief Counsel advice" was fulfilled, the complaint makes no factual allegations that could support this contention. The trial court determined that the correspondence between the IRS and Ullman did not establish that "Chief Counsel advice" was prepared for Ullman's case. Ullman, 64 Fed. Cl. 569-70. Thus, we conclude the trial court correctly found that Ullman's contention falls outside the scope of § 6110 as "Chief Counsel advice" was never prepared.

We affirm the dismissal granted by the trial court as to Count I.

C

Ullman contends that the trial court erred in concluding that it lacked subject matter jurisdiction over his fraudulent concealment and obstruction of justice claims. Ullman contends that the IRS's refusal to issue "Chief Counsel advice" adversely affected his defense in the previous proceedings. The trial court determined that this second count sounded in tort and criminal law, and dismissed the complaint for lack of subject matter jurisdiction. We agree.

The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States. See 28 U.S.C. § 1491(a); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Because Ullman's complaint for "fraudulent concealment" is "grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims." Brown, 105 F.3d at 623 (upholding a RCFC 12(b)(1) dismissal for "fraudulent assessment" claims). Furthermore, the Court of Federal Claims lacks jurisdiction on claims brought under the federal criminal code. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (dismissing claims of conspiracy, fraud, perjury, and malfeasance for lack of jurisdiction). Since Ullman's claim for obstruction of justice cannot be viewed as anything but criminal in nature, the Court of Federal Claims does not have jurisdiction to consider it on the merits. See generally 18 U.S.C § 1503 (2005).

III

We affirm the judgment of the trial court. Each side shall bear its own costs.