**Charles A. HINSHAW, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2007–5168.

United States Court of Appeals, Federal Circuit.

Dec. 11, 2007.

Before RADER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

*ORDER*

The United States moves for summary affirmance of the August 21, 2007, judgment of the United States Court of Federal Claims, dismissing Charles A. Hinshaw's complaint for lack of jurisdiction. Hinshaw has not responded.

Hinshaw filed a complaint seeking damages in the amount of $12 million, alleging various constitutional, civil rights, and tort claims. The Court of Federal Claims dismissed Hinshaw's complaint, determining that it did not have jurisdiction over these claims. The Court of Federal Claims held that his complaint sought damages for tort claims and civil rights violations. This appeal followed.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). Here, the Court of Federal Claims correctly concluded that it lacks jurisdic-

tion over Hinshaw's claims. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir. 1997); *Osborn v. United States,* 47 Fed.Cl. 224, 229 (2000). As the court stated in *Brown,* "[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States ... and is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation." *Brown v. United States,* 105 F.3d at 623.

Because the Court of Federal Claims correctly held that Hinshaw's claims are either tort claims or based on the Constitution and federal statutes that do not require the payment of money damages, we conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.