William Christopher CHEATHAM–
BEY, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2007–5155.

United States Court of Appeals,
Federal Circuit.

April 10, 2008.

William Christopher Cheatham–Bey, pro se.

Before MAYER, LINN, and DYK, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The United States moves for summary affirmance of the May 14, 2007, 2007 WL 5171107, judgment of the United States Court of Federal Claims dismissing William Christopher Cheatham–Bey's complaint for lack of jurisdiction. Cheatham–Bey has not responded.

Cheatham–Bey filed a complaint alleging various grievances against Executive, Legislative, and Judicial branch officials, bringing various constitutional, civil rights, and tort claims, and requesting a writ of habeas corpus challenging his incarceration. The Court of Federal Claims dismissed Cheatham–Bey's complaint, determining that it did not have jurisdiction over these claims. The trial court determined that Cheatham–Bey's constitutional claims were not money mandating. This appeal followed.

(Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.") *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). Here, the Court of Federal Claims correctly concluded that it lacked jurisdiction over Cheatham–Bey's claims. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997)("[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States ... and is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation.") *Le-*

*Blanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (Absent an alleged illegal exaction, Court of Federal Claims lacks jurisdiction over claims alleging violation of Due Process and Equal Protection Clauses because these provisions do not mandate payments of money by the government.)

Because the Court of Federal Claims correctly held that Cheatham–Bey's claims were not within its jurisdiction, we conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.