NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5109

KAREN MCBRIEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-840,
Senior Judge James F. Merow.

ON MOTION

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

ORDER

The United States moves for summary affirmance of the judgment of the United States Court of Federal Claims which dismissed Karen McBrien's complaint for lack of jurisdiction. McBrien has not responded.

McBrien filed a complaint seeking damages in excess of $10 million, alleging various civil rights and tort claims against the United States and a number of private parties. The Court of Federal Claims dismissed McBrien's complaint, determining that it did not have jurisdiction over such of claims and over claims against parties other than the United States. This appeal followed.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.") Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

Here, the Court of Federal Claims correctly concluded that it lacks jurisdiction over McBrien's claims. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); Osborn v. United States, 47 Fed.Cl. 224, 229 (2000). As the court stated in Brown, "[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States . . . and is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation. Brown v. United States, 105 F.3d at 623.

Because the Court of Federal Claims correctly held that McBrien's claims are tort claims, based on federal statutes that do not require the payment of money damages by the United States, or against parties other than the United States, we conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1)    The United States' motion for summary affirmance is granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

NOV 1 0 2009
_____
Date

cc:    Karen McBrien
       Lauren S. Moore, Esq.

s20

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 0 2009

JAN HORBALY
CLERK