NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY P. LANE,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2014-5081

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00571-MCW, Judge Mary Ellen Coster Williams.

---

Decided: September 12, 2014

---

ANTHONY P. LANE, of Chicago, Illinois, pro se.

JAMES W. POIRIER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before PROST, *Chief Judge,* REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Anthony P. Lane *pro se* appeals the United States Court of Federal Claims' dismissal of his action for lack of subject-matter jurisdiction. Because the Court of Federal Claims correctly held that it lacked jurisdiction over any of Mr. Lane's claims, we *affirm*.

## BACKGROUND

In August 2013, Mr. Lane filed a complaint alleging jurisdiction under 28 U.S.C. §§ 1343, 1367, and 1491. He has since filed three amended complaints and a motion to consolidate separate trials. As best as we can determine, Mr. Lane requests relief from various harms, which appear to include: non-payment of social security and veteran benefits, non-payment of tort damages, various criminal activities, improper conduct on the part of various federal officials and courts, illegal search and seizure in violation of the Fourth Amendment, wrongful eviction from his residence and denial of housing, violation of his civil rights by his landlord, Pangea Ventures, LLC ("Pangea"), and breach of contract by Pangea.

The Court of Federal Claims dismissed Mr. Lane's suit for lack of subject-matter jurisdiction. Mr. Lane timely appealed. We have appellate jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction, and review its underlying factual findings for clear error.[1] Although

---

[1]    *See Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citations omitted).

we afford *pro se* plaintiffs leniency for mere formalities, we cannot waive or overlook jurisdictional requirements.[2]

The Tucker Act confers jurisdiction on the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The trial court carefully reviewed Mr. Lane's claims and held that none of them fall within the Tucker Act's grant of jurisdiction. On appeal, Mr. Lane appears to argue that the trial court had jurisdiction because his claims are founded upon violations of his constitutional rights.

Having reviewed the matter carefully, we hold that the trial court correctly held that it did not have jurisdiction over Pangea's alleged wrongful eviction of Mr. Lane, even if we were to interpret this claim as an alleged taking under the Fifth Amendment, because the trial court's jurisdiction under the Tucker Act is limited to suits against the Federal Government.[3] Similarly, the trial court did not have jurisdiction over the alleged violations of Mr. Lane's Fourth Amendment rights because the Fourth Amendment does not provide for money damages.[4] Even construing Mr. Lane's allegations against

---

[2]   *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

[3]   *United States v. Sherwood*, 312 U.S. 584, 588–89 (1941).

[4]   *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (citations omitted).

federal officials and courts as *Bivens* actions, the trial court did not have jurisdiction over these claims.[5]

The trial court also lacked jurisdiction over Mr. Lane's other claims. For example, the trial court did not have jurisdiction over Mr. Lane's veteran's benefits claim because these claims must first be brought to the Department of Veterans Affairs, which has not happened in this case. Decisions of the Department of Veterans Affairs may only be appealed to the United States Court of Appeals for Veterans Claims and then to this court. 38 U.S.C. §§ 7252, 7292 (2012). Nor did the trial court have jurisdiction to hear Mr. Lane's claims for social security benefits or tort damages.[6]

Finally, we deny Mr. Lane's request to transfer his action to another forum. Under 28 U.S.C. § 1681, a court lacking jurisdiction "shall, in the interests of justice, transfer" an action to a court where it "could have been brought." But Mr. Lane's request does not explain why a transfer would be "in the interest of justice" or where his action could have been brought. As a result, we find no basis to grant Mr. Lane's request.[7]

CONCLUSION

For these reasons, we *affirm* the Court of Federal Claims' dismissal of Mr. Lane's suit for lack of subject-matter jurisdiction.

**AFFIRMED**

---

[5]    *Brown*, 105 F.3d at 624 citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[6]    *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); *Brown*, F.3d at 623.

[7]    *Jentoft v. United States*, 450 F.3d 1342, 1350 (Fed. Cir. 2006).

## Costs

Each party shall bear its own costs.