NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD P. MACHULAS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5042

---

Appeal from the United States Court of Federal Claims in No. 14-cv-00913, Judge Susan G. Braden.

---

Decided: July 13, 2015

---

LEONARD P. MACHULAS, Bloomingdale, GA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before WALLACH, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Leonard Machulas appeals the final order of the United States Court of Federal Claims ("Court of Federal Claims") dismissing his suit for lack of jurisdiction. *See Machulas v. United States,* No. 14-913 C, 2014 WL 7012102 (Cl. Ct. Dec. 11, 2014) (Appellee's App. 1–6) ("Final Order"). For the reasons set forth below, this court affirms.

BACKGROUND

I. Facts and Proceedings

Mr. Machulas's lawsuit stems from divorce proceedings, with a final judgment entered on November 7, 2008. Order on Pl.['s] Mot. for Contempt, *Machulas v. Machulas*, No. DR08-D448-BR (Ga. Super. Ct. Chatham Cnty. Feb. 23, 2010) ("Contempt Order").[1] The divorce decree required Mr. Machulas to provide three years of health insurance for Mrs. Machulas. *Id.* at 1. Mr. Machulas was held in "willful contempt of the final judgment" for failure to provide healthcare coverage. *Id.* As a result, he was confined to jail in Chatham County, Georgia for three days. *Id.* After such time, Mr. Machulas was required to pay attorney fees, pay Mrs. Machulas's medical expenses since the divorce, and procure and maintain medical and hospital insurance for Mrs. Machulas for three years from the divorce date. *Id.* at 2. Mr. Machulas filed a motion for reconsideration, new trial, and motion to set aside the earlier contempt order, but

---

[1] "On February 20, 2015, the Government received a document from Mr. Machulas entitled 'My Brief,' attached at A21–55." Appellee's Br. 2 n.2. Appellee noted the "facts alleged in this document were not presented to the trial court and therefore should not be considered in this appeal." *Id.* However, consideration of these facts does not change this court's decision.

the motion was denied on August 22, 2013. On January 28, 2014, Mr. Machulas filed an application for discretionary appeal with the Supreme Court of Georgia seeking review of the trial court's denial of his motion for reconsideration, new trial, and motion to set aside previous contempt order. Appellant's Supp. Br. Ex. 24. However, the application for discretionary appeal was dismissed for failure to file within thirty days of entry of the contempt order. *Id.* at Ex. 26.

On September 29, 2014, Mr. Machulas, proceeding pro se, filed a complaint in the Court of Federal Claims against "the United States and Michael Horowitz, the Inspector General of the Department of Justice, Civil Rights Division[;] . . . the [s]tate of Georgia; the Superior Court of Chatham County, [Georgia]; the Supreme Court of Georgia; and a number of private individuals and members of the Judiciary." Final Order at 2. Mr. Machulas alleged "unjust conviction, and imprisonment, in the state of Georgia Superior Court[,] Chatham Count[]y, in Savannah, GA[]. And the cover up, and the protection by the Supreme Court of GA, knowing the judges made a wrong decision, and will not talk or correct this." App. 8. Mr. Machulas's Court of Federal Claims complaint indicated he filed, in November 2011, the first of numerous complaints with the Department of Justice ("DOJ"), Civil Rights Division ("CRD"), regarding violations of his civil rights by the Chatham County Superior Court and the Supreme Court of Georgia. *Id.* Mr. Machulas also stated in the complaint he filed two complaints with the DOJ Office of the Inspector General ("OIG"). *Id.* Mr. Machulas attached the DOJ OIG's response, which stated "matters . . . raised [by Mr. Machulas] are outside of our investigative jurisdiction, therefore no action will be taken by this office." Appellant's Supp. Br. Ex. 16.

The Court of Federal Claims dismissed Mr. Machulas's complaint under the Rules of the United States Court of Federal Claims ("RCFC") for lack of jurisdiction,

RCFC 12(b)(1), and failure to state a claim upon which relief could be granted, RCFC 12(b)(6). Final Order at 6. The Court of Federal Claims explained 28 U.S.C. § 1491(a)(1) (2012) ("Tucker Act") does not provide the court with subject matter jurisdiction over claims against parties other than the United States. *Id.* at 3. The court also explained that 28 U.S.C. §§ 1495 and 2513 do not provide the court with subject matter jurisdiction over claims of unjust conviction and imprisonment by the state of Georgia. *Id.* at 5. Finally, the Court of Federal Claims found even if the court had subject matter jurisdiction, Mr. Machulas's complaint did not allege facts sufficient to satisfy pleading standards. *Id.*

Mr. Machulas timely appealed. This court possesses jurisdiction under 28 U.S.C. § 1295(a)(3) (2012).

DISCUSSION

## I. Standard of Review

"This court reviews de novo the Court of Federal Claims decision to dismiss for lack of jurisdiction." *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

## II. Legal Framework

"The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act confers jurisdiction upon the Court of Federal Claims to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States. v. Testan,* 424 U.S. 392, 398

(1976). The Tucker Act merely confers jurisdiction on the Court of Federal Claims whenever the substantive right exists. *Id.* "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

The Court of Federal Claims also possesses "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.

## II. Mr. Machulas Has Not Demonstrated the Court of Federal Claims Possessed Jurisdiction

On appeal, Mr. Machulas asserts under the Tucker Act and *Testan* he "was done in[] by 3 courts and judges wrongly." Appellant's Supp. Br. 6. Mr. Machulas's argument, to the extent that he argues, the Court of Federal Claims possessed jurisdiction to hear his case under the Tucker Act and *Testan* is not supported. *Id.* Mr. Machulas contends to

> have me[]t the burden of jurisdiction, when I first went to the DOJ [CRD], I have made many complaints to the[m], and the I.G. [DOJ OIG]. I was unlawfully harmed physical[ly], and mental[ly], when I was put in jail . . . for civil contempt. . . . I went to the DOJ CR[D], they took my civil rights away, and my due process was violated.

*Id.* at 5.

Mr. Machulas's Court of Federal Claims complaint was filed, in part, against private individuals and members of the Judiciary. Final Order at 2. As such, these individuals fail to meet the Tucker Act's requirement that a complaint be alleged against the "United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C.

§ 1491(a)(1); s*ee also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating the Court of Federal Claims is without jurisdiction for suits brought against private parties.).

Mr. Machulas's complaint was also filed, in part, against the DOJ CRD and OIG; the state of Georgia; the Superior Court of Chatham County, Georgia; and the Supreme Court of Georgia for unjust conviction and imprisonment. Final Order at 2. Mr. Machulas failed to meet the jurisdictional requirements of 28 U.S.C. § 1491(a)(1). In order to establish jurisdiction under 28 U.S.C. § 1495, Mr. Machulas must show he was "unjustly convicted of an offense against the United States." Mr. Machulas was convicted of a state crime, not a federal crime. Therefore, the Court of Federal Claims does not possess jurisdiction to hear Mr. Machulas's case. Final Order at 6.

The Court of Federal Claims properly dismissed Mr. Machulas's case for lack of jurisdiction. Because this court affirms the Court of Federal Claims's dismissal under RCFC 12(b)(1), we need not reach the dismissal under RCFC 12(b)(6).

CONCLUSION

For the reasons set forth above, the dismissal of Mr. Machulas's case for lack of jurisdiction is

**AFFIRMED**