NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES LA VELL HARRIS, AKA SMILEY JAMES HARRIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1007

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00510-CFL, Senior Judge Charles F. Lettow.

---

Decided: March 12, 2024

---

JAMES LA VELL HARRIS, Clearlake, CA, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

James La Vell Harris, a.k.a. Smiley James Harris, appeals from the U.S. Court of Federal Claims' dismissal of his complaint for lack of subject-matter jurisdiction. We affirm.

## BACKGROUND

Mr. Harris filed a complaint in the Court of Federal Claims asserting subject-matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). The complaint alleged that, as a result of various cases in Lake County, California, Mr. Harris was unjustly convicted and imprisoned for violating California law regarding driving without a license (or driving under a suspended one). It further alleged, citing 8 U.S.C. § 1481, that these unjust convictions and imprisonments resulted from a failure to train officers on how to protect the rights of expatriated persons, and it sought damages for these convictions and imprisonments under 28 U.S.C. § 1495. The complaint also referenced Mr. Harris's "claims of 'copyright infringement'" under 28 U.S.C. § 1498(b) and sought related damages under 17 U.S.C. § 504(c). SApp'x 6.[1] And it referenced the alleged seizure of certain of his property by the police department of Clearlake, California. SApp'x 13–15.

The government moved to dismiss the complaint, arguing that it stated no claim within the Court of Federal Claims' limited subject-matter jurisdiction. Before evaluating the complaint, the Court of Federal Claims recognized that, as a pro se plaintiff, Mr. Harris's filings should be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Harris v. United States*, No. 23-510, 2023 WL 4842350, at *2 (Fed. Cl.

---

[1] "SApp'x" refers to the supplemental appendix included with the government's informal brief.

July 28, 2023).  But it also noted that this leniency does not relieve such plaintiffs of jurisdictional requirements.  *Id.*

After examining the complaint's claims, the Court of Federal Claims concluded that none fell within its subject-matter jurisdiction.  As to any claim for damages under 28 U.S.C. § 1495, the court noted that this statute provides it jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of *an offense against the United States* and imprisoned."  *Id.* (emphasis added) (quoting 28 U.S.C. § 1495).  It reasoned, however, that "[b]ecause Mr. Harris's complaint challenge[d] only *state* convictions," this statute did not provide it jurisdiction.  *Id.* (emphasis added).  The court also examined whether other possible claims might have fallen within its jurisdiction, but it found none.  For example, although the complaint cited 28 U.S.C. § 1498(b) and 17 U.S.C. § 504(c)—concerning copyright-infringement claims against the United States and related damages—and also attached what was described as a "Common Law Copyright notice," the court concluded that the complaint "fail[ed] to state an infringement claim against the United States."  *Id.* at *3 n.4.  And, although the complaint had cited 8 U.S.C. § 1481—"a statute that identifies various acts a [U.S.] national can take to relinquish his or her nationality"—the court concluded that, because this statute does not mandate compensation by the United States, it does not supply Tucker Act jurisdiction.  *See id.* at *3.  Finally, although the complaint appeared to assert claims against private or state entities—possibly in relation to, among other things, the property-seizure allegations—the Court of Federal Claims concluded that it lacked jurisdiction over these claims against such nonfederal entities.  *See id.* at *2.  The court therefore granted the government's motion and dismissed the complaint for lack of subject-matter jurisdiction.  *Id.* at *3.

Mr. Harris timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

The Court of Federal Claims is a court of limited jurisdiction. The Tucker Act, 28 U.S.C. § 1491(a)(1), gives it jurisdiction over nontort "claims for money damages against the United States" founded upon "any Act of Congress." *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (cleaned up). To come within the court's Tucker Act jurisdiction, however, "a plaintiff must identify a separate source of substantive law that creates the right to money damages"—in other words, a source that is "money-mandating." *Id.*

We see no error in the Court of Federal Claims' conclusion that it lacked subject-matter jurisdiction over any claim in Mr. Harris's complaint. For example, although the complaint sought damages under 28 U.S.C. § 1495 for allegedly unjust convictions and imprisonments, that statute applies to convictions of federal crimes, not state crimes. *See* 28 U.S.C. § 1495 ("The [U.S.] Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of *an offense against the United States* and imprisoned." (emphasis added)); *see also Machulas v. United States*, 621 F. App'x 629, 632 (Fed. Cir. 2015) (nonprecedential) (concluding that the Court of Federal Claims lacked 28 U.S.C. § 1495 jurisdiction because the plaintiff "was convicted of a state crime, not a federal crime"). As the Court of Federal Claims noted here, the complaint "challenge[d] only *state* convictions," *Harris*, 2023 WL 4842350, at *2 (emphasis added), and Mr. Harris does not dispute that any conviction or imprisonment identified in the complaint resulted from violations of state, as opposed to federal, law. We therefore affirm the Court of Federal Claims' dismissal of any claim that was based on 28 U.S.C. § 1495.

We also see no error in the Court of Federal Claims' dismissal of any claim that was based on 28 U.S.C. § 1498(b) or 8 U.S.C. § 1481. As to the former, the court correctly noted that, although the complaint mentioned this statutory provision (and another regarding related damages), it never alleged that the government infringed a copyright. And, as to the latter, Mr. Harris has not shown how this statute is money-mandating, and we see nothing suggesting that it is. We therefore affirm the Court of Federal Claims' dismissal of any claims that were based on these statutory provisions.

Finally, to the extent the complaint included a claim against private or state entities (for example, regarding the alleged seizure of Mr. Harris's property), the Court of Federal Claims correctly dismissed any such claim under these circumstances. *See Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir. 2020) (nonprecedential) (affirming Court of Federal Claims' dismissal of any claims against private or state entities).

## CONCLUSION

We have considered Mr. Harris's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

## COSTS

No costs.