Gerald Alan BROWN, Plaintiff–Appellant,

and

Charles V. Darnell, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 96–5107.

United States Court of Appeals, Federal Circuit.

Jan. 22, 1997.

**622**

Gerald Alan Brown, pro se, Loma Linda, CA, plaintiff-appellant.

Charles V. Darnell, pro se, Desert Hot Springs, CA, plaintiff-appellant.

Randolph L. Hutter, Tax Division, Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Loretta C. Argrett, Assistant Attorney General, and Ann B. Durney.

PLAGER, Circuit Judge.

Gerald Alan Brown and Charles V. Darnell ("Brown" and "Darnell" or "appellants") filed complaints in the United States Court of Federal Claims for damages allegedly resulting from tortious acts by the Government and for equitable relief. The Court of Federal Claims dismissed their cases for lack of jurisdiction. In a consolidated action, Brown and Darnell appeal.

## BACKGROUND

Brown was born in New Jersey and moved to California in 1982. Darnell was born in Colorado and moved to California in 1987. During the tax years of 1988 through 1992, they were both employed as school teachers in California. Although they admit that they are citizens of the United States of America, as contemplated by the "Constitutional Contract of 1787," they contend that they are not citizens of the United States as contemplated by the Fourteenth Amendment. They further contend that because they are "free sovereign citizens" of the State of California, they do not owe federal income tax for the aforementioned tax years and should be classified as "nonresident aliens" for income tax purposes. Pursuant to their belief that they are "nonresident aliens," they filed for refunds of overpayment of federal income taxes for the tax years of 1988 through 1990 for which they had previously timely filed 1040 forms and had fully paid their assessed tax liabilities. For the tax years of 1991 and 1992, they filed 1040NR forms (nonresident tax forms) and reported zero taxable income.

The Internal Revenue Service ("IRS") assessed income tax deficiencies, interest, and penalties against Brown and Darnell. After Brown and Darnell failed to pay the assessed amounts, the IRS filed notices of federal tax liens against their respective properties and served notices of levy on their respective employers. The amounts owed to the IRS were partially paid by their respective employers.

When Brown and Darnell filed actions in the Court of Federal Claims, they did not claim they were due tax refunds. Instead, asserting "fraudulent assessment[s]" of tax penalties and "Fourth Amendment fraudulent taking" claims, they demanded monetary damages to compensate for the wages the IRS had "seized" without warrants. In addition, they demanded, by way of *Bivens* actions, exemplary damages. Furthermore, they demanded the revocation of all federal liens and levies, the correction of their records regarding their taxpayer status, and an order that the IRS issue a letter to their respective employers informing the employers of their correct taxpayer status and instructing the employers to disregard all federal liens and levies issued by the IRS.

Brown and Darnell brought their suits under the Tucker Act, which states that "the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, ... or for liqui-

dated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (1994). The trial court considered their complaints to be based on alleged fraudulent actions. Because fraud as a cause of action lies in tort, the trial court concluded that it lacked subject matter jurisdiction and dismissed the cases. In addition, assuming, *arguendo*, that the Court of Federal Claims did have jurisdiction, the trial court stated that it would treat the complaints as tax refund suits. In that case, the court would grant the Government's motion to dismiss-in-part for failure to file administrative refund claims, for failure to satisfy the "full-payment rule," for failure to file timely claims for refund, and for requesting equitable relief from the Court of Federal Claims. In addition, the trial court stated that it would grant the Government's motion for summary judgment regarding the citizenship of Brown and Darnell, the nature and applicability of federal income taxes, the enforceability of the Internal Revenue Code, and the use of levies by the IRS.

## DISCUSSION

■ The sole question on appeal is whether the Court of Federal Claims is correct in concluding that it does not have subject matter jurisdiction over the Brown and Darnell complaints. The trial court's decision to dismiss a complaint for lack of jurisdiction is a question of law subject to complete and independent review by this Court. *Shearin v. United States*, 992 F.2d 1195 (Fed.Cir.1993).

■ Appellants assert that, because their income taxes and penalties were wrongfully assessed and collected, they are deserving of damages for Fourth Amendment violations and exemplary damages. Appellants adamantly argue that they are suing for damages and not for the recovery or refund of any income tax or penalty. Because their claims are not for tax or penalty refunds, their claims do not fall within the jurisdiction of the Court of Federal Claims pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491, the statutes that give the Court of Federal Claims jurisdiction over claims for tax refunds. Therefore, we address appellants' claims only

as fraudulent assessments and fraudulent taking complaints.

■ The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States. 28 U.S.C. § 1491(a); *Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 2043–44, 124 L.Ed.2d 118 (1993). Because Brown and Darnell's complaints for "fraudulent assessment[s]" are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims. *L'Enfant Plaza Properties, Inc. v. United States*, 227 Ct. Cl. 1, 645 F.2d 886, 892 (1981). In addition, the gravamen of their "Fourth Amendment fraudulent taking" complaints is not in the taking, but in the fraudulent nature of the alleged taking. Since the "Fourth Amendment fraudulent taking" complaints, like the "fraudulent assessment[s]" claims, sound in tort, the Court of Federal Claims also lacks jurisdiction over those claims. *Id.*

■ Appellants argue that their "Fourth Amendment fraudulent taking" complaints are not grounded in tort, but are founded in the Constitution. Assuming, *arguendo*, that the appellants' argument has merit, the Court of Federal Claims would still lack jurisdiction over such complaints. Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation. *E.g., United States v. Mitchell*, 463 U.S. 206, 218, 103 S.Ct. 2961, 2968–69, 77 L.Ed.2d 580 (1983); *Murray v. United States*, 817 F.2d 1580, 1582–83 (Fed.Cir.1987). In the consolidated cases at hand, appellants complain of Fourth Amendment violations. The Fourth Amendment provides for the security of people "in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. However, the Fourth Amendment does not mandate the payment of money for its violation. *Id.* Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation. *See United States v. Mitchell*, 463 U.S. at 218, 103 S.Ct. at 2968–69; *Murray v. United States*, 817 F.2d at

1582–83. Thus, even assuming Brown and Darnell's "Fourth Amendment fraudulent taking" complaints are founded in the Constitution, the claims are outside the jurisdiction of the Court of Federal Claims.

■ The exemplary damages demanded by appellants via *Bivens* actions are also outside of the jurisdiction of the Court of Federal Claims. In *Bivens,* the Supreme Court held that a party may, under certain circumstances, bring an action for violations of constitutional rights against Government officials in their individual capacities. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials. 28 U.S.C. § 1491(a). Thus, the *Bivens* actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claims.

■ The remainder of appellants' demands, which are for declaratory or injunctive relief, are also outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief. *United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52 (1969).

Because the Court of Federal Claims does not have jurisdiction over the claims asserted by Brown and Darnell, the trial judge properly dismissed their cases.

*AFFIRMED.*