NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1089

A. R. SALMAN,

Plaintiff-Appellant,

v.

DAVID KALIL, JEFF WARD, ANTHONY DENN, JOHN MEDUNIC, ROBERT GRAHAM,
MARK JENSEN, HOWARD McKIBBEN, LARRY R. HICKS,
BRIAN SULLIVAN, ROBERT A. McQUAID, JR., VALERIE P. COOKE,
and MARY K. BAKER,

Defendants-Appellees,

and

WAYNE HANEY,

Defendant-Appellee.

_____

DECIDED:  May 3, 2005

_____

Before NEWMAN, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

DECISION

A.R. Salman appeals from an order of the United States District Court for the

District of Nevada denying his request to transfer the civil action in Salman v. Kalil, No.

CV-N-04-383-RLH, to the United States Court of Federal Claims.  We affirm.

BACKGROUND

In October 2003, Mr. Salman was indicted by a grand jury for presenting false instruments in payment of federal tax. See 18 U.S.C. § 514. Subsequently, Mr. Salman was arrested and arraigned on the indictment in federal court. While the criminal case was pending, Mr. Salman brought a civil action in Nevada state court against the appellees, all of whom were judges and government officials involved in his arrest and arraignment. Acting pro se, Mr. Salman alleged that those officials had violated his rights under the Nevada Constitution, Nevada statutes, and the United States Constitution. Specifically, Mr. Salman asserted that the United States does not have exclusive control over the property on which the federal district courthouse sits, and that the federal district court consequently lacks jurisdiction over his criminal case. According to Mr. Salman, the actions of the judges and government officials in the criminal case were therefore unlawful and violated his rights. Mr. Salman asks for damages from the officials for their actions.

On motion of the appellees, Mr. Salman's civil action was removed to federal district court. Mr. Salman then requested that the suit be transferred to the United States Court of Federal Claims. The district court construed Mr. Salman's complaint to be asserting a Bivens action. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). The district court therefore found that it had jurisdiction over the action and that a transfer would be improper. Mr. Salman appealed that decision both to this court and to the Ninth Circuit. The Ninth Circuit has dismissed for lack of appellate jurisdiction. Salman v. Kalil, No. 04-17229 (9th Cir. Feb. 8, 2005). We have jurisdiction over this appeal under 28 U.S.C. § 1292(d)(4)(A).

05-1089                                    2

DISCUSSION

Mr. Salman's sole argument on appeal is that the district court should have transferred the case to the Court of Federal Claims because it is the "only lawful, legal and Constitutional court" able to hear his claims against the appellees. However, the subject matter jurisdiction of the Court of Federal Claims does not encompass Mr. Salman's claims, and a transfer to that court would therefore be improper.

The jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States. 28 U.S.C. § 1491(a)(1). As the Supreme Court has recognized, however, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." United States v. Mitchell, 463 U.S. 206, 216 (1983). First, the Tucker Act allows the Court of Federal Claims to hear suits only against the United States government, and not against individual federal officers. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). It is clear that Mr. Salman is complaining about the allegedly illegal actions of specific government officials. In fact, in his briefs to this court he admits that he is "not going against the United States." Second, the Tucker Act expressly excludes claims sounding in tort. See Keene Corp. v. United States, 508 U.S. 200, 214 (1993). Mr. Salman alleges that the government officials involved in his arrest and arraignment committed false imprisonment and fraud. Therefore, Mr. Salman's complaint is grounded in tort. For both of those reasons, the Tucker Act does not give the Court of Federal Claims jurisdiction over Mr. Salman's claim. The federal transfer statute, 28 U.S.C. § 1631, requires that the transferee court be a court "in which the action . . . could have been brought at the time it was filed."

Because this action could not have been brought in the Court of Federal Claims in the first instance, it was proper for the district court to decline to transfer the case. We therefore uphold the district court's order denying transfer.