NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5028

RAVANNA SANDERS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  May 18, 2005

_____

Before NEWMAN, CLEVENGER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Ravanna Sanders appeals from a decision of the Court of Federal Claims dismissing

the complaint.[1]  We <u>affirm</u> the dismissal.

BACKGROUND

Mr. Sanders filed a complaint in the United States Court of Federal Claims, styled

"Petition for Redress of Grievance in the Nature of a Private International Administrative

Remedy Demand."  Mr. Sanders states that he is a member of the "Washitaw Nation of

Muurs," an indigenous entity entitled to international status, and that the TCF National Bank

---

1    <u>Sanders v. United States</u>, No. 04-1678L (Ct. Cl. Nov. 17, 2004).

appropriated the amount of $385,860.01 from a trust of which he is trustee and beneficiary. The allegations in the complaint are grouped into three classes. The first asserts a violation of 42 U.S.C. §1983, the second claim alleges a number of torts under the general heading "Diversity of Citizenship and Political Questions Violations," and the third is brought under the Takings Clause of the Fifth Amendment and also includes allegations of breach of contract and tort, and violations of various criminal statutes including 18 U.S.C. §241 (conspiracy against rights), 18 U.S.C. §1589 (coercion), 18 U.S.C. §1951 (interference with commerce), 18 U.S.C. §872 (extortion), and 18 U.S.C. §1510(a) (obstruction of criminal investigation). Over thirty million dollars in damages are claimed, based on statutory violations and the 1st, 4th, 5th, 6th, 9th, 10th, 13th, and 14th Amendments of the Constitution.

The Court of Federal Claims found that there were no "intelligible allegations directed at the United States," and that the cited criminal and other code sections are not within the jurisdiction of the Court of Federal Claims. The court dismissed the action for lack of jurisdiction.

## DISCUSSION

We give plenary review to a dismissal for lack of jurisdiction. <u>Brown v. United States</u>, 105 F.3d 621, 623 (Fed. Cir. 1997). The Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. §1491. "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver

of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*).

Mr. Sanders states that the court has jurisdiction, focusing on two aspects of the complaint. First, he characterizes the complaint as seeking review of a decision of the Office of the Comptroller of the Currency, based on the submission of an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* Mr. Sanders states that the Comptroller has denied the claim. However, even on this characterization jurisdiction is absent, for the Court of Federal Claims does not have jurisdiction of cases sounding in tort. See 28 U.S.C. §1491(a)(1) (the "United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort"); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979) (the Court of Federal Claims does not have jurisdiction of tort claims). Mr. Sanders does not identify any other provision granting the Court of Federal Claims jurisdiction to review such a decision, and we are aware of none.

In Mr. Sanders' argument concerning the Takings Clause of the Fifth Amendment, he states that the actions of the Bank and its officers should be imputed to the United States, because they are in "the service" of the Office of the Comptroller of the Currency and thus the allegations in the complaint regarding the Bank's conduct are directed against the United States. However, a charge of theft or misappropriation of money is an issue of tortious or criminal conduct, whereas a Takings claim arises only when the property is legally taken, for example by Act of Congress or by eminent domain. We cannot discern, in Mr. Sanders' complaint, an allegation of facts that may meet the requisite criteria. At most, the complaint states that the Office of the Comptroller was given notice of Mr. Sanders'

charge against the Bank, and did not act to require the Bank to make payment to Mr. Sanders. No duty has been breached by the United States. The allegations, if accepted as true, do not provide a basis for holding that the United States took Mr. Sanders' property. See Casa De Cambio Comdiv S.A. De C.V. v. United States, 291 F.3d 1356, 1362 (Fed. Cir. 2002) (the involvement of the United States must be direct and substantial).

The decision of the Court of Federal Claims must be affirmed. Each party shall bear its costs.