NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5098

DAVID POWELL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: October 5, 2005

_____

Before MICHEL,Chief Judge, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

David Powell appeals from an order of the United States Court of Federal Claims in case No. 04-1201C, dismissing his action for lack of jurisdiction. We affirm.

## BACKGROUND

On July 22, 2004, Mr. Powell filed a complaint asserting claims under the Fifth and Fourteenth Amendments to the United States Constitution, numerous federal and state statutes, and various common law theories. Mr. Powell's complaint contained a wide range of claims, including allegations of tort, intellectual property theft, human

rights violations, invasion of privacy, assault, witness tampering, age discrimination in employment, mail fraud, and medical malpractice. He named as defendants various federal and non-federal government entities, as well as corporations and individuals.[1] He sought various forms of relief, including compensatory and punitive damages for pain and suffering; attorney fees; reinstatement of employment with the Miami Dade County Housing Agency, from which he was terminated in 1999; "bankruptcy relief to receive judgment on record"; an order prohibiting practices and patterns of discrimination, bias, and "legal prejudice"; and "any other equitable relief the court deems just."

The Court of Federal Claims dismissed Mr. Powell's complaint for lack of jurisdiction. In light of the limited scope of the Tucker Act, 28 U.S.C. § 1491(a)(1), the court held that it lacked jurisdiction over all claims asserted against defendants other than the United States, all tort claims, and all claims involving federal statutes that are not money-mandating. With respect to his constitutional claims, the court held that the provisions other than the Fifth Amendment were not money-mandating. As to his claims under the Fifth Amendment, the court ruled that Mr. Powell failed to "identify what property allegedly was taken by the Government" and therefore "does not allege

---

[1] The federal entities included the Department of Housing and Urban Development, the Postal Service, the Securities and Exchange Commission, and the Department of Labor. The non-federal entities include the States of Ohio and Florida; the County Commissioner of Jefferson County, Ohio; the City of Steubenville, Ohio; the Village of Mingo Junction, Ohio; Dade County, Florida; and the City of Miami, Florida. The trial court found, however, that "[i]t is not clear from the Amended Complaint what claim is asserted against which defendant."

the facts sufficient to make an evaluation whether a property interest existed or whether a taking occurred."

DISCUSSION

Mr. Powell's brief on appeal contains 68 numbered paragraphs that list numerous legal doctrines and statutes. Based on that list, we infer that Mr. Powell contends that the Court of Federal Claims has jurisdiction over (1) his claims against non-federal entities; (2) his tort claims; and (3) his claims based on federal statutes. We disagree with Mr. Powell's argument on each point.

First, the trial court correctly found that the Tucker Act mandates dismissal of all claims asserted against non-federal entities. The Tucker Act states that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States." 28 U.S.C. § 1491. It does not give the court jurisdiction over claims against defendants other than the United States. Likewise, as to Mr. Powell's tort claims, we uphold the trial court's decision because the Tucker Act makes an express exception for tort claims, stating that the Court of Federal Claims has jurisdiction in "cases not sounding in tort." 28 U.S.C. § 1491; see Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997).

We also disagree with Mr. Powell's argument that the Court of Federal Claims has jurisdiction over his claims based on particular federal statutes. The invocation of federal statutes is not sufficient to confer jurisdiction on the Court of Federal Claims; rather, as this court has held, "the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation." Brown, 105 F.3d at 623. As the trial

court found, however, none of the statutes that Mr. Powell cites can be interpreted to require the payment of money for its violation. Those statutes therefore do not provide an independent jurisdictional basis for the Court of Federal Claims.

Mr. Powell does not seem to press his constitutional claims on appeal. In any event, however, the trial court correctly dismissed those claims, most of which were directed to provisions that are not money-mandating. Although the Fifth Amendment can serve as a money-mandating provision with respect to claims under the Just Compensation Clause, Mr. Powell's complaint contained no allegation of what, if any, property interest was allegedly taken by the federal government. The trial court therefore did not err in ruling that the complaint failed to state a claim of a taking under the Fifth Amendment.

Finally, in his complaint and on appeal, Mr. Powell appears to seek an order requiring the production of his parents' tax returns for the years 1962-2001. The trial court denied his claim because Mr. Powell failed to provide a reason that he needs those returns, either in connection with this litigation or otherwise. On appeal, Mr. Powell has provided not valid reason for seeking the production of those tax returns. Therefore, the trial court was correct to dismiss Mr. Powell's claims on that issue.