NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY R. BERRY,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5022

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-618, Judge Thomas C. Wheeler.

---

## ON MOTION

---

Before BRYSON, MAYER, LINN, *Circuit Judges.*

PER CURIAM.

## ORDER

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Jeffrey R. Berry's complaint. Berry opposes.

Berry's complaint appears to allege that his bank, the Treasury Department, and federal judges have concealed and suppressed evidence establishing the theft of hun-

dreds of millions of dollars from Berry's bank account and further establishing Berry is innocent of the criminal fraud charges that led in his prison sentence. Berry's complaint further appears to assert that jurisdiction is proper in the Court of Federal Claims because his case involved government employees whose alleged treasonous acts were in violation of 18 U.S.C. § 2381.

The Court of Federal Claims dismissed the complaint. The court noted that Berry had proceeded in forma pauperis, and where a complaint filed in forma pauperis is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the action under 28 U.S.C. § 1915(e)(2)(B).

Berry appeals from that ruling. The United States urges this court to summarily affirm that decision. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994).

The court agrees that summary affirmance is appropriate here. Berry appears to assert that the Court of Federal Claims had jurisdiction based on 18 U.S.C. § 2381, which provides "[w]hoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

The language of that statute clearly lacks any provision that would require the payment of money damages to

Berry. *See Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987). Moreover, the criminal matters and fraud allegations generally discussed in Berry's complaint are not within the jurisdiction of the Court of Federal Claims. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *Joshua*, 17 F.3d at 379. In addition, as the trial court pointed out, Berry's complaint failed to adequately state who he was attempting to sue and what laws the alleged defendants had violated. Because Berry's complaint clearly fails to state a claim on which the Court of Federal Claims can grant relief and is frivolous, the Court of Federal Claims was correct in dismissing Berry's complaint.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted. The judgment of the Court of Federal Claims is summarily affirmed.

(2)  Each side shall bear its own costs.

(3)  All pending motions are moot.

FOR THE COURT

**APR 1 1 2012**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Jeffrey R. Berry
     Joshua E. Kurland, Esq.
s24

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 1 1 2012

JAN HORBALY
CLERK