NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CAROLINE PEKRUL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-2409

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00613-TCW, Judge Thomas C. Wheeler.

_____

Decided: February 5, 2020

_____

CAROLINE PEKRUL, Scottsdale, AZ, pro se.

SHERRA TINYI WONG, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

_____

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Caroline Pekrul filed a complaint with the United States Court of Federal Claims, alleging that the Internal Revenue Service, engaging in tax collection, had filed counterfeit securities and billing statements against her. The Court of Federal Claims held that it lacked subject-matter jurisdiction over Ms. Pekrul's claims and dismissed her complaint. We affirm.

I

The Internal Revenue Service (IRS) has asserted that Ms. Pekrul owes the United States over $4 million in taxes—and associated fees and interest—for tax years 2002, 2003, 2005, and 2006. To collect the taxes assertedly owed, the IRS has placed liens on Ms. Pekrul's property and has garnished her Social Security benefits.

In May 2018, Ms. Pekrul filed a petition with the United States Tax Court challenging the IRS's assessment of taxes for the years 2000–2017. The IRS, acting as respondent, moved to dismiss the petition for lack of jurisdiction on various grounds. The Tax Court granted the motion.

In April 2019, Ms. Pekrul filed this action against the United States in the Court of Federal Claims. Ms. Pekrul alleges that the United States had "placed counterfeit securities and billing notices against plaintiff and collected money from plaintiff without jurisdiction." S.A. 6. She also alleges that these actions had damaged her in the amount of $4,338,699.89. S.A. 7. Attached to her complaint are, among other things, the Tax Court's order of dismissal for lack of jurisdiction and the IRS's motion to dismiss in the Tax Court.

The government moved to dismiss Ms. Pekrul's complaint for lack of subject-matter jurisdiction under Court of Federal Claims Rule 12(b)(1). The Court of Federal Claims granted the motion, reasoning that Ms. Pekrul had failed to establish that she met the requirements for a tax-refund

suit and had not persuasively articulated an alternative theory of relief within the court's jurisdiction. *Pekrul v. United States*, 144 Fed. Cl. 522, 524 (2019). The court entered final judgment on September 6, 2019. S.A. 1.

Ms. Pekrul timely filed a notice of appeal. S.A. 36; 28 U.S.C. §§ 2107, 2522. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

On appeal, Ms. Pekrul argues that the Court of Federal Claims failed to consider the evidence showing her injury and should have considered her claim under the Fourth Amendment.

We review de novo the court's dismissal for lack of subject-matter jurisdiction under the Tucker Act. *Alpine PCS, Inc. v. United States*, 878 F.3d 1086, 1092 (Fed. Cir. 2018); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In reviewing a dismissal made on the complaint, we accept as true all factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Although we generally interpret the pleadings of a *pro se* plaintiff liberally, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)), *pro se* status cannot excuse a failure to demonstrate that jurisdictional requirements are met, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party seeking relief from the court bears the burden of establishing the court's jurisdiction. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

## A

Although the exhibits attached to the complaint, and the dollar value of the alleged injury, might suggest that Ms. Pekrul is seeking a tax refund, the complaint does not come within the Court of Federal Claims' jurisdiction over tax refund claims. A taxpayer seeking a refund of taxes erroneously or illegally assessed or collected may bring an

action against the government in the Court of Federal Claims. 28 U.S.C. § 1346(a)(1). But there are two prerequisites to the court's jurisdiction over such a claim: *first*, the taxpayer must have already paid the disputed taxes in full, *Flora v. United States*, 357 U.S. 63, 75–76 (1958); *second*, the taxpayer must have sought a refund from the IRS before suing in the Court of Federal Claims. 26 U.S.C. § 7422(a). Ms. Pekrul has not shown that either prerequisite was met. Therefore, the Court of Federal Claims lacked jurisdiction to hear Ms. Pekrul's complaint as a claim for a tax refund.

## B

Ms. Pekrul's complaint contains allegations of fraudulent tax collection: it alleges that the government has "placed counterfeit securities and billing notices" against her. S.A. 6. But a claim of fraudulent tax collection is essentially a tort claim. The Court of Federal Claims lacks jurisdiction over such a claim, as it "sound[s] in tort." 28 U.S.C. § 1491; *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

## C

In her informal brief to this court, Ms. Pekrul argues that the Court of Federal Claims should have applied the Fourth Amendment, implying that the IRS's assessment of taxes against her, and its use of liens and garnishments to collect those taxes, violated her right to be secure in her person, houses, papers, and effects. This characterization does not aid Ms. Pekrul in identifying a claim within the Court of Federal Claims' jurisdiction.

Although some claims founded upon the Constitution are within the Court of Federal Claims' jurisdiction, a plaintiff making such a claim must demonstrate that the source of substantive law she relies upon can "fairly be interpreted as mandating compensation by the federal government for the damages sustained." *United States v.*

*Mitchell*, 463 U.S. 206, 216–17 (1983) (internal quotation marks and citation omitted).  The Fourth Amendment does not mandate compensation by the federal government for damages sustained.  *See id.*; *Brown*, 105 F.3d at 623. Therefore, Ms. Pekrul's Fourth Amendment claim is outside the jurisdiction of the Court of Federal Claims. *Brown*, 105 F.3d at 623–24.

## III

Because Ms. Pekrul has not shown that she has a claim within the jurisdiction of the Court of Federal Claims, we affirm the judgment dismissing the case.

**AFFIRMED**