NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM JOSEPH MOONEY, JONI THERESE MOONEY,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1075

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00987-PEC, Judge Patricia E. Campbell-Smith.

---

Decided:  October 7, 2020

---

WILLIAM JOSEPH MOONEY, JONI THERESE MOONEY, Little Falls, MN, pro se.

RICHARD L. PARKER, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JACOB EARL CHRISTENSEN, RICHARD E. ZUCKERMAN.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

William Mooney and his wife, Joni Mooney ("the Mooneys"), appeal from a decision of the United States Court of Federal Claims (the "Claims Court") dismissing their complaint against the United States for lack of subject matter jurisdiction, *Mooney v. United States*, No. 19-987C, 2019 WL 4052488 (Fed. Cl. Aug. 27, 2019) ("*Decision I*"), and denying their motion for reconsideration. *Mooney v. United States*, No. 19-987C, 2019 WL 4861104 (Fed. Cl. Oct. 2, 2019) ("*Decision II*"). Because the Claims Court did not err in its dismissal and subsequent denial of reconsideration, we *affirm*.

BACKGROUND

In July 2016, the United States filed suit against the Mooneys in the United States District Court for the District of Minnesota, seeking "to reduce federal tax and penalty assessments to judgment and enforce federal tax liens" against the Mooneys' property. *United States v. Mooney*, No. 16-cv-02547 (D. Minn. July 28, 2016), ECF No. 1 at 1. The district court ruled against the Mooneys and authorized the sale of their personal residence to satisfy their outstanding tax liabilities. *United States v. Mooney*, No. 16-cv-02547, 2018 WL 2215521, at *7 (D. Minn. May 15, 2018). In March 2019, the Mooneys appealed to the United States Court of Appeals for the Eighth Circuit but withdrew their appeal shortly thereafter. *United States v. Mooney*, No. 19-1533, 2019 WL 4296301 (8th Cir. May 15, 2019) (granting motion to dismiss).

On July 9, 2019, the Mooneys filed a complaint against the United States in the Claims Court. Appx. 32. The Mooneys appear to have alleged that the district judge and magistrate judge misled them and denied them access to the courts by falsely claiming that the District Court of Minnesota was a genuine Article III court, when it was in

fact an Article I Section 8 court or "faux" court that had no jurisdiction to authorize the sale of their real property. *Id.* at 38–44. In addition, the Mooneys accused the district judge and the government's attorney of misconduct, including the creation of false documents and spoliation of evidence. *Id.* at 43–44. As relief, the Mooneys requested abrogation of the district court's order authorizing the sale of their real property and a "real [t]rial." *Id.* at 45.

The Claims Court dismissed the Mooneys' case, sua sponte, for lack of subject matter jurisdiction. *Decision I*, 2019 WL 4052488, at *3. The court explained that pursuant to the Tucker Act, it had jurisdiction only over specified categories of complaints and none of the Mooneys' stated claims fell within the confines of the Act. *First*, the court determined that the gravamen of the Mooneys' complaint was their dissatisfaction regarding the proceedings in the District Court of Minnesota, but the Tucker Act does not confer jurisdiction upon the Claims Court to consider the merits of a collateral attack on a district court decision. *Id.* at *2. *Second*, to the extent the Mooneys intended to allege that the actions of the district judge, magistrate judge, or government attorney "violated their constitutional rights," the court concluded that it had no jurisdiction to review complaints concerning violations of plaintiffs' civil rights by federal officials. *Id.* at *3. *Third*, the court held that it could not consider the Mooneys' fraud claims because it did not have jurisdiction over any claims sounding in tort. *Id.* The Claims Court further denied the Mooneys' motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"). *Decision II*, 2019 WL 4861104, at *2.

The Mooneys appealed the dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal by the Claims Court for lack of jurisdiction de novo. *Tex. Peanut Farmers v. United States*,

409 F.3d 1370, 1372 (Fed. Cir. 2005) (citing *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002)). We review the Claims Court's denial of a motion for reconsideration under Rule 59 for an abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007).

On appeal, the Mooneys assert, among other allegations previously raised in the Claims Court, that the District Court of Minnesota is not a true Article III federal court and that their complaint was not a "collateral attack" because the district court's judgment was a "legal nullity." Appellant Br. 35–38 (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)). In addition, the Mooneys assert that the Claims Court had jurisdiction over their claim pursuant to 28 U.S.C. § 2515(a), which states that "[t]he United States Court of Federal Claims may grant a plaintiff a new trial on any ground established by rules of common law or equity applicable as between private parties." *Id.* at 42–43. With regard to the Claims Court's denial of their motion for reconsideration, the Mooneys argue that the court "discount[ed]" the new evidence they raised in their motion for reconsideration, including a citation of two "[o]n-[p]oint cases," decided decades before they filed their complaint in the Claims Court. *Id.* at 43–44.

The government responds that the Mooneys' brief largely "rehash[es]" the collateral attacks against the district court. Appellee Br. 20–21. The government further asserts that the Claims Court did not have jurisdiction over the Mooneys' complaint pursuant to § 2515(a) because that statute "applies to requests for a new trial in cases originating in the Claims Court and over which it has jurisdiction under the Tucker Act, not in cases decided by other courts." *Id.* at 22–23. Additionally, the government states that the Claims Court did not abuse its discretion in denying the Mooneys' motion for reconsideration because the Mooneys' citation of decades-old cases did not constitute newly discovered evidence. *Id.* at 26–27.

We agree with the government that the Claims Court correctly dismissed the Mooneys' case for lack of subject matter jurisdiction and did not abuse its discretion in denying the Mooneys' motion for reconsideration. The Mooneys' complaint, which largely consisted of criticisms regarding mistakes made by the district court and allegations of misdeeds by various federal officials, was, in essence, a collateral attack on the district court proceedings. Accordingly, the Claims Court correctly held that it did not have jurisdiction to review the Mooneys' case. *See* 28 U.S.C. § 1491(a)(1); *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1384–85 (Fed. Cir. 2017) ("[T]he Court of Federal Claims lacks jurisdiction to review the merits of a decision rendered by a federal district court.") (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015)). Nor did the Claims Court have jurisdiction under 28 U.S.C. § 2515(a), which applies to requests for a new trial in cases originating in the Claims Court, rather than district courts. To hold otherwise would allow plaintiffs to relitigate their claims in the Claims Court if they were dissatisfied with the district court proceedings. However, the Mooneys already appealed to the Eighth Circuit, which was the proper route of appeal, but they voluntarily withdrew their appeal.

To the extent that the Mooneys' complaint can be characterized as alleging violations of their constitutional rights by federal officials or sounding in tort, we further hold that the Claims Court correctly held that it lacked jurisdiction over those claims. The court's jurisdiction under the Tucker Act does not reach those types of claims. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.") (citing 28 U.S.C. § 1491(a)); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims

jurisdiction claims sounding in tort."). Finally, we agree that the Claims Court did not abuse its discretion in denying the Mooneys' motion for reconsideration. The Mooneys' citation of cases decided decades before their complaint was filed in the Claims Court is not "newly discovered" evidence as required by RCFC 59. *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) ("[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available"); *see also Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016).

## CONCLUSION

We have considered the Mooneys' remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm* the Claims Court's dismissal of this case and denial of the Mooneys' motion for reconsideration.

## **AFFIRMED**