NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAUNA GOLDDEEN OGBURN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-2297

_____

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00502-CNL, Judge Carolyn N. Lerner.

_____

Decided: February 9, 2023

_____

LAUNA GOLDDEEN OGBURN, Woodbridge, VA, pro se.

IOANA CRISTEI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

_____

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

PER CURIAM.

Launa Golddeen Ogburn appeals a decision of the U.S. Court of Federal Claims dismissing her complaint for lack of subject-matter jurisdiction. We affirm.

## BACKGROUND

Ms. Ogburn served in the U.S. Navy from 2001 until 2004 and contributed to a Thrift Savings Plan ("TSP") account through automatic paycheck deductions. SAppx8.[1] In 2005, after she had retired from the Navy and begun working for a private company, Ms. Ogburn requested that funds from her TSP account be rolled over into her private retirement account. *Id.* She alleges that she received TSP correspondence in March 2005 informing her that she had failed to complete paperwork necessary to roll her funds over and ultimately decided to keep the funds in the TSP account. *Id.*; SAppx28.

In 2007, TSP received a request, which Ms. Ogburn had ostensibly signed, that all of Ms. Ogburn's TSP funds be transferred to a private retirement plan. SAppx11, SAppx33–34. Ms. Ogburn alleges that the handwriting on the request is not her own and that the transferee account was fraudulent. SAppx8, SAppx28. A 2007 Internal Revenue Service Form 1099-R showed a total distribution of $9,978.97 from Ms. Ogburn's TSP account. SAppx35.

In 2016, Ms. Ogburn withdrew $73,315.43 from her civilian TSP account—a separate, additional account from her Navy TSP account—and rolled it over to her private account. SAppx15–17. Sometime after that, a $6,518.32 withdrawal from her private account occurred, and Ms. Ogburn alleges that she did not receive it. SAppx12, SAppx14, SAppx17–18.

---

[1]    "SAppx" refers to the supplemental appendix that the government submitted with its informal response brief.

Ms. Ogburn filed a pro se complaint in the Court of Federal Claims in May 2022. SAppx1. That court liberally construed her complaint to allege that:

> (1) she did not authorize a rollover of $9,978.97 from her Navy TSP account into a Fidelity investment account in 2007; (2) she does not have access to the Fidelity account to which the funds were rolled over, and the Fidelity account and the IRS form documenting the transfer are fraudulent; (3) an unidentified "civilian employee of the Federal Government" seemingly "claimed" the funds from the Fidelity account following the rollover; and (4) in 2016, after rolling over her Navy TSP funds into a First Command Financial Planning account, an error caused $6,518.32 to be withdrawn from her First Command account without Ms. Ogburn having "requested or received" the transfer.

*Id.* She requested that the court award her the allegedly fraudulently withdrawn sum and "yearly gains," which the Court of Federal Claims interpreted to be the interest those funds would have accrued since 2004. SAppx1–2.

The Government moved to dismiss Ms. Ogburn's claims for lack of subject-matter jurisdiction, and the Court of Federal Claims granted the motion. SAppx2. It concluded that it lacked subject-matter jurisdiction over Ms. Ogburn's 2007 rollover claims because they did "not amount to a taking under the Fifth Amendment to the United States Constitution or arise out of a contract with the United States." SAppx3 (citation omitted). It also observed that "Ms. Ogburn's claims of fraud sound in tort, and the Tucker Act expressly deprives this Court of jurisdiction over tort claims." *Id.* (citing *Brown v. United States*, 105 F.3d 621, 622–23 (Fed. Cir. 1997)). The court went on to interpret the Federal Employees' Retirement System Act as the applicable money-mandating provision governing Ms. Ogburn's 2007 rollover claims and noted that Congress

had "granted 'exclusive jurisdiction' to the United States district courts for causes of action for funds from federal government TSP accounts, including military TSP accounts such as Ms. Ogburn's." *Id.* (citation omitted). Finally, the court noted that Ms. Ogburn's 2007 rollover claims were time-barred because she failed to bring her claim "by the earlier of six years after her claim occurred, or six years after she discovered the [allegedly] fraudulent violation." SAppx4 (citation omitted).

With respect to Ms. Ogburn's 2016 withdrawal, the court concluded that it lacked subject-matter jurisdiction because "the funds ceased to be part of a federal government retirement account" when Ms. Ogburn rolled over her TSP funds into her private account. *Id.* "Because the 2016 withdrawal claim centers on an alleged error concerning Ms. Ogburn's private retirement account," the court said, "this allegation cannot be considered a claim for money damages against the United States." *Id.* (citing *Jankovic v. United States*, 204 Ct. Cl. 807, 807 (1974)). Because the claim was not founded upon the Constitution, an Act of Congress, any regulation, or any contract with the United States, the claim did "not present a cognizable basis for jurisdiction under the Tucker Act." *Id.*

The Court of Federal Claims then entered judgment dismissing Ms. Ogburn's claims for lack of subject-matter jurisdiction. SAppx6. Ms. Ogburn appeals.[2] We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

A plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir.

---

[2]    Ms. Ogburn's Informal Brief does not mention any claims related to the 2016 withdrawal, so we do not discuss that transaction.

2010). We review a Court of Federal Claims decision dismissing a complaint for lack of jurisdiction de novo. *Id.* In conducting the review, we treat the complaint's factual allegations as true and construe them in the light most favorable to the non-moving party. *See Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020).

The Tucker Act gives the Court of Federal Claims jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A plaintiff asserting subject-matter jurisdiction under the Tucker Act must identify a source of law separate from the Tucker Act that creates a right to money damages, i.e., a money-mandating provision. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Ms. Ogburn first contends that the Court of Federal Claims "has the means to investigate fraud and theft of the" TSP. Appellant's Informal Br. 1. She does not explain what means she envisions, nor does she identify any errors underlying the court's conclusions that the Tucker Act expressly deprives the Court of Federal Claims of jurisdiction over tort claims or that district courts, which the Court of Federal Claims is not, have exclusive jurisdiction over causes of action for funds from federal-government TSP accounts. *See* SAppx3–4. We see no error in the court's analysis.

Ms. Ogburn next suggests that the Court of Federal Claims applied the wrong law and, instead, should have applied "TSP [r]ules, [s]tatutes, [a]mendment and [g]uidelines to include TSP." In making this argument, she specifically notes 5 U.S.C. § 8474. Appellant's Informal Br. 2. No TSP rule or statute, however, undermines the Tucker

Act's limitations on the Court of Federal Claims' jurisdiction, and § 8474 simply provides for the appointment of an Executive Director for the Federal Retirement Thrift Investment Management System and outlines that director's responsibilities; it does not confer upon the Court of Federal Claims the jurisdiction Ms. Ogburn seeks. *See* 5 U.S.C. § 8474.

The rest of Ms. Ogburn's brief seeks repayment of the funds that she alleges were fraudulently transferred in 2007. Appellant's Informal Br. 2–3. Ms. Ogburn identifies no errors in the Court of Federal Claims' decision, nor does she articulate any basis for that court's jurisdiction over her claims. Finally, Ms. Ogburn did not challenge the Court of Federal Claims' determination that her claims are barred by the applicable statute of limitations. Accordingly, we affirm the Court of Federal Claims' judgment of dismissal.

## CONCLUSION

We have considered Ms. Ogburn's remaining arguments and find them unpersuasive. For the reasons set forth above, we affirm the Court of Federal Claims' judgment.

## **AFFIRMED**

### COSTS

No costs.