NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHELE GRAY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1538

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00717-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Michele Gray has appealed from the United States Court of Federal Claims' judgment dismissing her complaint. She now moves for leave to proceed *in forma pauperis*. For the following reasons, we summarily affirm.

Ms. Gray filed two civil suits against Amazon.com, Inc. alleging that there was a manufacturing defect in toilet paper she purchased online. After both suits were dismissed

in federal district court, Ms. Gray brought this suit in the Court of Federal Claims, alleging that the United States contributed to the negligence that resulted in her injury and violated the Public Health Service Act, 42 U.S.C. § 264 "by allowing delivery into interstate commerce of biological product." She asserted a right to damages under "FTCA, 28 U.S.C. § 2671" and "U.S. Code § 2674," "Title 42 US Code §§ 141, 144" and Section 1411 of Chapter 8 Article 14-A of the New York Civil Practice Law and Rules. The Court of Federal Claims dismissed for lack of jurisdiction and certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

The Court of Federal Claims is a federal tribunal of limited jurisdiction. 28 U.S.C. § 1491. It may only review claims against the United States based on substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations omitted). Here, the Court of Federal Claims was clearly correct that it did not have jurisdiction to review any of the claims raised in Ms. Gray's complaint because those claims were not against the United States or were claims against the United States that were clearly outside the tribunal's limited grant of jurisdiction.

As for Ms. Gray's claims for contributory negligence in allowing Amazon to sell its product, the Court of Federal Claims properly held those claims, which sound "in tort," to be outside the court's jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Ms. Gray has also presented no cognizable basis to interpret 42 U.S.C. §§ 141, 264, 28 U.S.C. § 2671, or the New York Civil Practice Rules as mandating compensation by the federal government. Ms. Gray likewise cannot sue the United States in the Court of Federal Claims under the Federal Tort Claims Act, 28 U.S.C. § 2674, because that Act "vests jurisdiction over such claims exclusively in [federal] district

courts." *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363 (Fed. Cir. 2013) (citation omitted).

We have considered Ms. Gray's arguments in her informal opening brief and do not find them to have any basis in law or fact. For these reasons, we conclude that the Court of Federal Claims was clearly correct in determining that it lacked jurisdiction over Ms. Gray's complaint. We therefore affirm and do so by summary order. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that summary disposition is appropriate when there is "no substantial question regarding the outcome of the appeal").

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the United States Court of Federal Claims is summarily affirmed.

(2) All pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

June 14, 2023                    /s/ Jarrett B. Perlow
     Date                        Jarrett B. Perlow
                                 Acting Clerk of Court