NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MICHELE GRAY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-1955

_____

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00631-CNL, Judge Carolyn N. Lerner.

_____

Decided: April 5, 2024

_____

MICHELE GRAY, Rensselaer, NY, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

_____

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Michele R. Gray has appealed from the United States Court of Federal Claims' dismissal of her complaint for lack of subject-matter jurisdiction. For the following reasons, we affirm.

Ms. Gray filed a complaint against the federal government in the Court of Federal Claims asserting subject-matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). S.A. 4–5.[1] The complaint alleged, citing 11 U.S.C. § 362(d)(1), (4), that Ms. Gray's Summerville, South Carolina property was taken without good cause pursuant to bankruptcy proceedings. S.A. 7. Ms. Gray listed the "monetary damages and other relief" sought as "(1) equitable relief payment; 26 CFR § 1.6015-4 and (2) Administrative Procedure Act (APA) breach under an implied-in-fact contract. 5 U.S.C. §§ 551–559." S.A. 6.

The Court of Federal Claims concluded that it lacked jurisdiction over Ms. Gray's complaint. First, the court noted that "[t]his is the second time [Ms. Gray] has filed a complaint before the Court of Federal Claims concerning the Summerville property." S.A. 1. Next, the court explained that "[t]he Court of Federal Claims does not have jurisdiction over cases sounding in bankruptcy." *Id.* (citing *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)). Finally, the court concluded that it lacked jurisdiction over Ms. Gray's claims in equity and under the APA, the facts of which did not implicate actions by, or contracts with, the United States in any event. S.A. 1–2.

In addition to dismissing the complaint, the Court of Federal Claims entered an anti-filing order "[i]n light of Ms. Gray's repeated filing of frivolous complaints and other baseless pleadings." S.A. 2 ("[S]ee *Gray v. United States*,

---

[1]     "S.A." refers to the supplemental appendix submitted with the government's informal brief.

No. 22-749 (Fed. Cl. Jul. 13, 2022) (dismissed for lack of jurisdiction per 28 U.S.C. § 1915(e)); *Gray v. United States*, No. 22-541 (Fed. Cl. Sep[t]. 8, 2022) (dismissed for lack of subject matter jurisdiction); *Gray v. United States*, No. 22-717 (Fed. Cl. Dec. 19, 2022) (same); *Gray v. United States*, No. 22-848 (Fed. Cl. Aug. 3, 2022) (same)."). Pursuant to 28 U.S.C. § 1915(a)(3), the Court of Federal Claims certified that any appeal from its order would not be taken in good faith. S.A. 3.

Ms. Gray timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(3).

We review the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

The Court of Federal Claims is a federal tribunal of limited jurisdiction. *See* 28 U.S.C. § 1491. In the Tucker Act, Congress waived sovereign immunity for certain actions for monetary relief against the United States. *See id.* Plaintiffs who pursue claims under the Tucker Act "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Here, while Ms. Gray named the United States as the defendant, the Court of Federal Claims was correct in concluding "the facts pleaded do not implicate the federal government." S.A. 2. Additionally, the Court of Federal Claims does not have jurisdiction to review bankruptcy-related claims under 11 U.S.C. § 362, nor does it have jurisdiction over Ms. Gray's claims for equitable relief or arising under the APA. *Blodgett v. United States*, 792 F. App'x 921, 925 (Fed. Cir. 2019) (nonprecedential) ("[D]istrict courts—and not the Claims Court—have 'original and exclusive jurisdiction of all cases under title 11.'" (quoting 28 U.S.C. § 1334(a))); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act does not provide independent jurisdiction over such claims for equitable relief."); *Martinez v. United*

*States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) ("[T]he Court of Federal Claims lacks APA jurisdiction.").

We have considered Ms. Gray's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED

COSTS

No Costs.