NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re DANIEL A. BERGER,**

*Petitioner*

---

2025-116

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:24-cv-01991-KCD, Judge Kathryn C. Davis.

---

**ON PETITION**

---

Before LOURIE, MAYER, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Daniel A. Berger petitions this court for a writ of mandamus relating to his pending case before the United States Court of Federal Claims.  We deny the petition.

On December 2, 2024, Mr. Berger filed a complaint at the Court of Federal Claims seeking, among other things, to "compel any and all of the various officers comprising the government of the United States to take affirmative action . . . to ensure that a Constitutionally disabled person does not enter upon the Execution of the Office of President."  Compl. at 11 (emphasis omitted).  On

December 4, 2024, Mr. Berger filed a motion seeking, among other things, access to the court's electronic filing system.

On January 2, 2025, Mr. Berger filed this petition seeking a writ of mandamus to compel the Court of Federal Claims to provide him "full electronic access to the Court's docket and filing system" and to bring "within the jurisdiction of that tribunal the named Defendants," *id.* at 2, which Mr. Berger states include the United States President, Vice President, and Speaker of the House, *id.* at 3–4, by providing an order "specifically authorizing" him "to enter upon the business premises and of the named Defendants and any such Government property, for the limited purposes of effectuating service," *id.* at 4.

On January 6, 2025, the Court of Federal Claims issued two orders relevant to this petition. In the first order, the court granted Mr. Berger's request "to file via the ECF system." Dkt. No. 9 at 1. In the second order, the court denied Mr. Berger's motion of January 3, 2025, requesting authorization to enter the premises of the above-identified officials to serve them his complaint, explaining that the only proper defendant in that court is the United States, which has already been served the complaint by the Clerk of that court. Dkt. No. 10 at 1.

A writ of mandamus is an extraordinary remedy and may only issue if three requirements are met: (1) the petitioner has no other adequate means to attain the relief desired; (2) the petitioner must show a clear and indisputable right to the requested relief; and (3) the court must be convinced to exercise its discretion to issue the writ. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Berger's petition fails to satisfy these requirements.

Mr. Berger's request to compel the trial court to permit him access to that court's electronic filing system is now moot. As to his requests to compel the appearance of high-level government officials in this case and permit him to

enter the premises of these officials to effect service of process, his petition fails to show the inadequacy of appeal after final judgment or any clear and indisputable right to the requested relief, *see Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 27, 2025
Date