NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**HARRY EDWIN MILES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1622

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01932-EMR, Judge Eleni M. Roumel.

_____

Decided: November 6, 2025

_____

HARRY EDWIN MILES, Corona, CA, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before LOURIE, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Harry Edwin Miles filed this action in the Court of Federal Claims "against the United States and forty-six federal judges and prosecutors." SAppx82.[1] The Court of Federal Claims dismissed Miles' complaint for lack of subject matter jurisdiction. Miles appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We affirm.

"Whether the Claims Court properly dismissed a complaint for lack of subject matter jurisdiction . . . [is a] question[] of law that we review *de novo*." *Walby v. United States*, 957 F.3d 1295, 1298 (Fed. Cir. 2020). "We reverse the Claims Court's legal conclusion only if it is incorrect as a matter of law." *Id.*

In his suit, Miles accuses the United States, various lawyers, and multiple federal judges of "exercising a cabal" against him. SAppx2; *see also* SAppx84. His dissatisfaction with the defendants appears to stem from his 2005 arrest and conviction for possession of cocaine, and the defeat of his subsequent collateral attacks on those criminal proceedings. SAppx4, SAppx12-30, SAppx84. Miles seeks in his complaint damages up to $19 billion. SAppx8, SAppx48.

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). One limit is that it can only exercise jurisdiction over claims against the United States, not federal officials. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

---

[1] "SAppx" refers to the Supplemental Appendix filed with the government's Informal Brief. ECF No. 12.

States, or for liquidated or unliquidated damages in cases not sounding in tort."); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Thus, the Court of Federal Claims lacked jurisdiction over Miles' claims against the individual defendants named and properly dismissed those claims. SAppx82-95.

As to the claims against the United States, the Court of Federal Claims also correctly determined that it lacked jurisdiction. As the court explained, at the time Miles filed his complaint in the Court of Federal Claims, he had already filed a pending case in district court, similarly challenging his arrest and conviction, which deprived the Court of Federal Claims of jurisdiction. SAppx91-92; *see also* 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . .").

Finally, as the Court of Federal Claims also correctly concluded, Miles fails to invoke a money-mandating source of law, which additionally placed his claims against the United States outside the subject matter jurisdiction of that court. SAppx93-95; *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (holding that jurisdiction in Court of Federal Claims requires identification of "a separate source of substantive law that creates the right to money damages").

Before us, Miles attempts to overcome these jurisdictional deficiencies by contending that the Court of Federal Claims "ignored the fact that [he] . . . invoked a Court of Equity regarding this trust action and applied Statutory Law which has no force or effect on [him] a living breathing man in place of Equity." Appellant Informal Brief at 2. However, the Court of Federal Claims has no authority to invoke equity to expand the scope of its jurisdiction, which

is established by statute. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act does not provide independent jurisdiction over such claims for equitable relief."). Miles additionally suggests he granted jurisdiction to the court "to act as his trustee." *See* SAppx3, SAppx86. The Court of Federal Claims' jurisdiction, however, is set by statute and not by the litigants appearing before it. *See Brown*, 105 F.3d at 623.

We have considered Miles' remaining arguments and find they lack merit. Accordingly, for the reasons stated, we affirm the judgment of the Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.

## AFFIRMED

### COSTS

Each party to bear its own costs.