NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MOSHE AVRAM PERRY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-2084

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01797-MHS, Judge Matthew H. Solomson.

---

Decided: July 13, 2021

---

MICHAEL PERRY, West Hills, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.

---

PER CURIAM.

Moshe Avram Perry appeals from the final decision of the United States Court of Federal Claims dismissing his

complaint for lack of jurisdiction under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims (RCFC) and for failure to state a claim under RCFC 12(b)(6).  For the reasons explained below, we affirm.

BACKGROUND

On November 20, 2019, Mr. Perry filed a complaint in the United States Court of Federal Claims asserting that he was entitled to relief for certain actions taken by the United States Patent and Trademark Office (USPTO).  The allegations in Mr. Perry's complaint largely related to the USPTO's examination and rejection of three of his patent applications.

Specifically, Mr. Perry asserted:  (1) the USPTO denied him an impartial examination of his patent applications; (2) the USPTO violated his constitutional rights to due process and to just compensation for the taking of his property by not granting his patent applications; (3) the USPTO's actions in determining Mr. Perry's applications to have been abandoned were undertaken in bad faith; (4) he was entitled to specific relief, i.e., the grant of his patent applications; (5) the USPTO took his property rights by publishing his patent application when he had asked that it not be published; (6) the USPTO violated his rights, Patent Office regulations, the Administrative Procedure Act (APA), and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, all of which required the trial court to set aside the USPTO's actions; and (7) he was entitled to a writ of mandamus compelling the USPTO to conduct a fair, impartial, and timely examination of his applications under the APA.  As to the fees collected by the USPTO for the examination of his applications, Mr. Perry asserted: (1) the USPTO acted in bad faith and violated his constitutional and statutory rights in requiring the payment of fees; and (2) the USPTO's acceptance of these fees was arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with the law, contrary to constitutional right, power, privilege, or immunity, and was inequitable.

The Court of Federal Claims construed portions of Mr. Perry's complaint as claiming money damages under the Tucker Act and pursuant to the Takings Clause of the Fifth Amendment of the U.S. Constitution—claims within its jurisdiction. *See Perry v. United States*, 149 Fed. Cl. 1 (2020). It also construed other portions of his complaint as requests for: (1) compensation pursuant to the Federal Tort Claims Act (FTCA); (2) declaratory and injunctive relief pursuant to the APA and the Declaratory Judgment Act; and (3) remedies pursuant to other civil and criminal statutes—claims not within its jurisdiction.

As to the claims that could reasonably fall under the Tucker Act and pursuant to the Takings Clause, the Court of Federal Claims separated Mr. Perry's claims into three groupings: (1) contract claims; (2) money-mandating claims; and (3) illegal-exaction claims. First, the trial court construed Mr. Perry's complaint regarding his submission of a patent application to the USPTO as a contention that he formed a binding agreement with the USPTO. The trial court ultimately concluded that his alleged submission of a patent application did not constitute a contract claim within its jurisdiction because no facts were alleged that suggested the existence of an express or implied-in-fact contract. Rather, at best, his submission could be construed as an implied-in-law contract, which falls outside of the trial court's jurisdiction. Alternatively, the trial court determined that Mr. Perry failed to state a claim upon which relief could be granted because he failed to allege facts sufficient to demonstrate that he and the United States had a mutual intent to contract, that there was a legally binding offer or acceptance, or that there was any government official with actual authority to bind the United States in contract with Mr. Perry.

Second, the trial court construed Mr. Perry's takings claims as alleging the violation of a statute or regulation that mandates the payment of money. It determined that it did not have jurisdiction over these claims because Mr. Perry failed to concede validity of the government action (the publication of his patent application)—a requirement for a plaintiff alleging a takings claim before the Court of Federal Claims. It also determined that it did not have jurisdiction over the claims because Mr. Perry made no factual allegations that would satisfy the requirements of a takings claim, i.e., "Mr. Perry's allegations do not identify what property right, if any, was taken by the government or how the USPTO indeed ha[d] 'taken' any such property." *Perry*, 149 Fed. Cl. at 22 (citation omitted). Alternatively, the trial court concluded that even if it did have jurisdiction, Mr. Perry failed to state a claim upon which relief could be granted because he did not identify a recognized property interest or demonstrate that the government somehow interfered with that property interest.

Third, the trial court construed Mr. Perry's claim that the USPTO violated his rights by requiring payment of fees as an illegal-exaction claim. It then determined that Mr. Perry failed to allege facts sufficient to support such a claim that would vest it with jurisdiction over the claim. It also concluded that Mr. Perry failed to state a claim upon which relief could be granted because he did not allege facts showing that: (1) money was taken by the government and (2) the exaction violated a provision of the Constitution, a statute, or a regulation.

Regarding Mr. Perry's FTCA claims, APA claims, requests for declaratory and injunctive relief, and request for mandamus relief—the trial court explained that it lacked jurisdiction to hear such claims. Though the Court of Federal Claims does possess jurisdiction over certain patent-related claims like patent infringement claims against the government, the trial court explained that nowhere did Mr. Perry allege facts that would support such a patent

infringement claim. Additionally, as to Mr. Perry's requests for injunctive relief and for a restraining order against the USPTO based on his allegations that the USPTO hacked into his email account and deleted his emails, the trial court dismissed those claims for lack of jurisdiction and as frivolous.

Mr. Perry appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Mr. Perry challenges each of the Court of Federal Claims' holdings dismissing his claims.[1] Construing Mr. Perry's arguments liberally, Mr. Perry asserts that the trial court: (1) erred in dismissing his takings claims for lack of jurisdiction and for failure to state a claim; (2) erred in dismissing his non-takings claims for lack of jurisdiction; and (3) erred in dismissing his other claims as frivolous.

I

We review the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction de novo, giving no deference to the trial court's decision. *Alpine PCS, Inc. v. United States*, 878 F.3d 1086, 1092 (Fed. Cir. 2018). We also "review de novo a decision to dismiss a complaint for failure to state a claim under RCFC 12(b)(6), just as we do dismissals under Federal Rule of Civil Procedure 12(b)(6)."

---

[1]    Pending before this court is also Mr. Perry's motion for additional time to review and respond to the government's filing of paper copies of its briefing. *See Perry v. United States*, No. 20-2084, ECF No. 56. We note that this filing was not a new filing by the government, but rather a filing of the required paper copies of its briefing documents already provided to Mr. Perry. *Perry*, ECF No. 20. Accordingly, this motion is denied.

*Indian Harbor Ins. Co. v. United States*, 704 F.3d 949, 954 (Fed. Cir. 2013) (citing *Cary v. United States*, 552 F.3d 1373, 1376 (Fed.Cir.2009)).  Like the trial court, we review the sufficiency of the complaint as a matter of law, accepting as true all non-conclusory allegations of fact by the plaintiff and construing all inferences in the light most favorable to the plaintiff.  *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1321–22 (Fed. Cir. 1998).  Finally, we review the Court of Federal Claims' findings of fact relating to jurisdictional issues for clear error.  *Hymas v. United States*, 810 F.3d 1312, 1317 (Fed. Cir. 2016).

A

We begin with Mr. Perry's challenges to the trial court's dismissal of his contract, takings, and exaction claims.  First, he challenges the trial court's dismissal of his contract claim for lack of jurisdiction because he failed to allege facts that suggest the existence of an express or implied-in-fact contract.  Generally speaking, implied-in-law contracts "'impose duties that are deemed to arise by operation of law' in order to prevent an injustice," i.e., one party has a legal duty to perform even where there is no meeting of the minds.  *Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011) (quoting *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998)).  Implied-in-fact contracts, on the other hand, are "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Cincinnati*, 153 F.3d at 1377 (quoting *Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)).

Mr. Perry points to the USPTO online application system where he was obligated to abide by the USPTO "terms of use."  Though we appreciate Mr. Perry's argument, abiding by the "terms of use" in the USPTO online system does not result in an express or an implied-in-fact contract with

the USPTO. Importantly, Mr. Perry makes no factual allegations that there was a meeting of the minds between himself and the agency. Rather, as the trial court correctly determined, it at best amounts to an allegation of an implied-in-law contract, which is not within the jurisdiction of the Court of Federal Claims. *See Cincinnati*, 153 F.3d at 1377 ("Implied-in-fact contracts, which are within the jurisdiction of the Court of Federal Claims, differ significantly from implied-in-law contracts, which . . . are outside the [court's] jurisdiction . . . ."). Alternatively, because Mr. Perry failed to allege facts sufficient to demonstrate that he and the United States had a mutual intent to contract, that the parties exchanged any offer and acceptance, or that there was any government official with actual authority to bind the United States in contract, we conclude that the trial court also correctly dismissed this claim for failure to state a claim upon which relief could be granted.

We also liberally construe Mr. Perry's appellate arguments as challenging the trial court's dismissal because he failed to concede the legitimacy of the government action that effected the taking. To bring a takings claim under the Tucker Act, a plaintiff must "identify[] a valid property interest" under the Fifth Amendment and show a "governmental action [that] amounted to a compensable taking of that property interest." *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1213 (Fed. Cir. 2005). Additionally, a plaintiff seeking compensation for a taking "must concede the validity of the government action which is the basis of the taking claim . . . ." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). Here, Mr. Perry maintains that the government's action was not valid because it did not have the right to publish his patent application, and so we agree with the trial court that it lacked jurisdiction to hear this claim.

Finally, we construe Mr. Perry's appeal as challenging the trial court's dismissal of his illegal-exaction claim for lack of jurisdiction and failure to state a claim. An "illegal

exaction claim may be maintained when 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967)). The trial court found that Mr. Perry's "bare assertion that the USPTO's fee assessments were illegal (or otherwise improper) constitutes a conclusory legal characterization, unsupported by any *factual* averments, which, if true, would show why the fees he was required to pay were improperly assessed or retained by the USPTO." *Perry*, 149 Fed. Cl. at 35. As his complaint failed to provide any specificity regarding the collection or handling of his funds by the USPTO, the trial court determined both that it lacked jurisdiction and that his complaint failed to state a claim. As Mr. Perry does not point us to anywhere in his complaint where he makes these relevant factual assertions, we agree with the trial court that it lacks jurisdiction to hear the claim and that Mr. Perry failed to state a claim upon which relief may be granted.

B

Mr. Perry next argues that the Court of Federal Claims erred when it found that it did not have jurisdiction over his claims arising from: (1) the alleged mishandling of his patent applications; (2) certain claims sounding in tort or criminal law; and (3) certain APA claims. Mr. Perry first challenges the examination and denial of his patent applications. Because this is different from a claim of patent infringement, over which the Court of Federal Claims maintains jurisdiction, we agree that the trial court correctly dismissed this claim for lack of jurisdiction.

Mr. Perry also challenges the trial court's dismissal of his claims alleging bad faith, fraudulent, and criminal

conduct by the USPTO.  Because Mr. Perry's claims of bad faith and fraudulent conduct are tort claims that are not within the jurisdiction of the Court of Federal Claims, we affirm the dismissal of these claims.  *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (the Court of Federal Claims lacks jurisdiction over claims "grounded upon fraud, which is a tort"); *Blodgett v. United States*, 792 F. App'x 921, 925 (Fed. Cir. 2019) (determining that the Court of Federal Claims lacked jurisdiction over bad faith claims); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).  Similarly, because the Court of Federal Claims does not have jurisdiction to hear criminal violations, we agree that the trial court properly dismissed those claims as well.  *See Sanders v. United States*, 252 F.3d 1329, 1333–34 (Fed. Cir. 2001).

Next, Mr. Perry challenges the trial court's dismissal of his APA claims requesting declaratory and injunctive relief and his request for mandamus relief.  We determine that the Court of Federal Claims correctly concluded that it does not have jurisdiction over APA claims.  *See, e.g.*, *Martinez v. United States,* 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("[T]he Court of Federal Claims lacks APA jurisdiction . . . .").  Likewise, the Court of Federal Claims lacks jurisdiction to hear Mr. Perry's requests for declaratory judgment and mandamus relief premised on violations of the APA, and so the trial correctly dismissed those claims as well.  *See Alvarado Hosp., LLC v. Price,* 868 F.3d 983, 987 (Fed. Cir. 2017) ("[The] Court of Federal Claims does not have jurisdiction . . . over . . . claims seeking declaratory, injunctive, and mandamus relief . . . .").

II

Finally, Mr. Perry challenges the Court of Federal Claims' determination that certain of his claims were frivolous.  Specifically, Mr. Perry alleged that his email account was hacked by agents of the USPTO who deleted various emails he had received from the agency.  The trial

court first dismissed this claim as failing to plead any facts, which if proven would entitle him to a money judgment. It also dismissed this claim as frivolous, explaining that it "*must* dismiss a claim as frivolous if the alleged facts present 'fantastic' or 'delusional' scenarios." *Perry*, 149 Fed. Cl. at 36 (quoting *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014)). On appeal, Mr. Perry again asserts without any support that his email account was hacked by representatives of the USPTO, but he also adds that the trial court judge covered up and intentionally omitted relevant information on the inventive features of Mr. Perry's alleged invention, and that the Court of Federal Claims intentionally replaced the judge initially assigned to his case with a biased judge. Mr. Perry does not, however, provide any factual support for these allegations.

The Court of Federal Claims has the discretion to dismiss claims it determined to be frivolous. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (stating "frivolousness is a decision entrusted to the discretion of the court"). We discern no abuse of discretion in the trial court's determination. Given the lack of any evidentiary support for Mr. Perry's implausible claims, we determine that the trial court reasonably exercised its discretion in dismissing these claims as frivolous.

## CONCLUSION

We have considered Mr. Perry's remaining arguments and are unpersuaded. Accordingly, we affirm the dismissal of Mr. Perry's complaint by the Court of Federal Claims.

## AFFIRMED

### COSTS

No costs.