NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OMAR MEDINA ALEJANDRO,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1591

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00302-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Omar Medina Alejandro's complaint. The court construes Mr. Alejandro's submission received May 2, 2022, as his opposition to that motion. Mr. Alejandro also files his opening brief.

Mr. Alejandro brought this suit seeking $60 million based on alleged violations of his rights under the Fourth Amendment of the United States Constitution and the oath of office of the President of the United States. Specifically, Mr. Alejandro's complaint alleged that his "right . . . to be secure" was being infringed by unspecified "outsiders that violate [his] privacy at home" and that the President breached his oath of office by failing to act after Mr. Alejandro reported those violations to the government. ECF No. 3 at 7. The Court of Federal Claims dismissed for lack of jurisdiction, and this appeal followed.

We agree that summary affirmance is appropriate here because there is no "substantial question regarding the outcome" of Mr. Alejandro's appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). The Tucker Act gives the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In a case like this one, to establish such jurisdiction, plaintiffs must identify a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations and internal quotation marks omitted).

No such source of substantive law was identified here. The Court of Federal Claims was clearly correct that the Fourth Amendment does not mandate the payment of money by the government for violations. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."). The Court of Federal Claims was also clearly correct that

Mr. Alejandro could not bring suit in that court based on an alleged breach of the President's oath of office because it also does not impose money-mandating obligations on the United States. *See Taylor v. United States*, 747 F. App'x 863, 863–64 (Fed. Cir. 2019) (affirming the dismissal for lack of jurisdiction over allegations of "breached contracts arising from various oaths of office").

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted.  The Court of Federal Claims' judgment is summarily affirmed.

(2)  Any other pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

May 26, 2022          /s/ Peter R. Marksteiner
    Date              Peter R. Marksteiner
                      Clerk of Court