NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DINEEN CHERYLANN ETIENNE, on behalf of herself and Daequan Mykal Samuels,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1333

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01625-EDK, Chief Judge Elaine Kaplan.

---

## ON MOTION

---

PER CURIAM.

### O R D E R

After the filing of Dineen Cherylann Etienne's opening brief, the United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Ms. Etienne's complaint.  For the following reasons, we grant the motion.

Ms. Etienne brought a sprawling complaint alleging that the federal government and a host of state, local, and private entities and individuals conspired to oppress, threaten, and intimidate her and her son. She asserted violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985, the Patriot Act, and the Racketeer Influenced and Corrupt Organizations Act (RICO). On December 5, 2022, the Court of Federal Claims granted the government's motion to dismiss for lack of jurisdiction. The court also rejected Ms. Etienne's allegations that the Clerk of that court had altered and redacted information from her amended complaint. After the Court of Federal Claims denied Ms. Etienne's motion for reconsideration, she filed this appeal.

We agree that summary affirmance is appropriate here because there is "no substantial question regarding the outcome" of Ms. Etienne's appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). The Court of Federal Claims was clearly correct that it could only review claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The court was also clearly correct that none of the sources of law Ms. Etienne identified in the complaint created a right to money damages against the United States that could give the court jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process and Equal Protection Clauses of the Fourteenth Amendment are not money mandating); *Shelden v. United States*, 742 F. App'x 496, 501–02 (Fed. Cir. 2018) (no jurisdiction over claims for damages under RICO or §§ 1983 and 1985). As for Ms. Etienne's claims of defamation, torture, conspiracy, and stalking, the Court of Federal Claims correctly found that those claims sound in tort, and thus are outside of its jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted). Lastly, Ms. Etienne's allegations of fraud on the court are wholly without merit.

The amended complaint is stamped "Received – USCFC NOV 10 2022." Review of its contents reveals no signs of alteration or redaction, and Ms. Etienne fails to provide any detail of how her complaint was allegedly tampered with.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The judgment is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

April 21, 2023
      Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court