NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1860

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00620-SSS, Judge Stephen S. Schwartz.

---

Decided:  March 4, 2025

---

ARTHUR LOPEZ, Newport Beach, CA, pro se.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

PER CURIAM.

Arthur Lopez appeals a decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because Mr. Lopez's claims are outside the scope of the Court of Federal Claims' jurisdiction, we affirm.

I

Mr. Lopez filed suit in the Court of Federal Claims seeking $300 million in compensation for various alleged takings. S.A. 3–4.[1] Mr. Lopez claims that the government or government employees took his children and family, and that a church in California was involved in the scheme. Appellant's Opening Br. at 7–8. He also alleges that government employees are engaged in illegal activity, Appellant's Opening Br. at 7–8, 13, 18, and that "[the government's] agents with the Social Security Division have also taken [his] Disability Benefits for several years[.]" S.A. 10–11.

The Court of Federal Claims dismissed Mr. Lopez's complaint, holding that he had failed to raise a claim within the court's jurisdiction. *Lopez v. United States*, No. 23-620C, 2024 WL 2044156, at *2 (Fed. Cl. May 7, 2024). Mr. Lopez appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Mr. Lopez, as the plaintiff, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we give pro se plaintiffs greater latitude in

---

[1] Citations to "S.A." refer to the Supplemental Appendix submitted by the Defendant-Appellee, the United States, with its briefing.

their pleadings than parties represented by counsel, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), such leniency does not result in a "liberal view" of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act, the source of the Court of Federal Claims' jurisdiction, limits jurisdiction to "claims for money damages against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citing 28 U.S.C. § 1491). The Tucker Act alone does not supply an independent source of action; a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

The Court of Federal Claims correctly concluded that it lacked jurisdiction over Mr. Lopez's claims. First and foremost, it found that "Mr. Lopez's children and family are not his property, so the Takings Clause of the Fifth Amendment does not apply to anything that the government or its agents may have done to separate Mr. Lopez from his family." *Lopez*, No. 23-620C, at *2. On appeal, Mr. Lopez contests that "numerous state and federal appellate courts have held child[/]children as property right of parent[.]" Appellant's Opening Br. at 22. Mr. Lopez mischaracterizes the various cases he cites for support. For example, in *Darlington v. Turner*, the Supreme Court only recited a provision of the Louisiana Code of 1870 stating that parents have the right to uses of property belonging to their minor children. 202 U.S. 195, 235 (1906). There is no case law or statute which establishes a property right in children.

To the degree that Mr. Lopez's claims sound in tort law, the Court of Federal Claims correctly identified that it lacks jurisdiction over tort actions against the United States. *Lopez*, No. 23-620C, at *2; *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Court of

Federal Claims also lacks jurisdiction over criminal actions and suits against individual federal officials. *See Brown v. United States*, 105 F.3d at 624; *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019). Though Mr. Lopez's 34-page opening brief describes the crimes he believes federal officials have committed, the Court of Federal Claims does not have jurisdiction to hear those claims.

We have also previously informed Mr. Lopez that the Court of Federal Claims' jurisdiction under the Tucker Act does not extend to claims for social security benefits. *See Lopez v. United States*, No. 23-1522, 2023 WL 7096921, at *1 (Fed. Cir. 2023). Even construing Mr. Lopez's complaint in the most favorable light, he has failed to carry his burden to establish that the Court of Federal Claims has jurisdiction over any of the claims raised in his complaint. He does not identify an authorized government taking, a money-mandating source of law, or "a cognizable property interest of which he was deprived." *Lopez*, No. 23-620C, at *2. The Court of Federal Claims correctly determined that it lacked jurisdiction and dismissed accordingly.

## III

Mr. Lopez appears to express concern that his complaint was dismissed because the judge presiding over his case was biased against him. Appellant's Opening Br. at 17.

Mr. Lopez does not specify what relief he seeks on appeal. Assuming that Mr. Lopez seeks a new hearing on the grounds that judicial bias during the proceedings deprived him of due process, we have held that an appellant requesting such relief must show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (emphasis omitted) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)). Mr. Lopez has not satisfied this requirement. His accusations are purely speculative. He fails to identify any statement or action by the trial court

judge during the handling of his case that demonstrates bias.

Mr. Lopez also argues that the Court of Federal Claims abused its discretion in denying his motion to have his case reassigned to another judge. *See* Appellant's Opening Br. at 17. The Chief Judge of the Court of Federal Claims considered Mr. Lopez's motion to reassign pursuant to Rule 40.1(c) of the Rules of the United States Court of Federal Claims (RCFC) and found that his "allegations regarding [the trial court judge's] alleged bias are conclusory." S.A. 16. RCFC 40.1(c) provides that "[t]he chief judge may reassign any case upon a finding that the transfer is necessary for the efficient administration of justice." RCFC 40.1(c). Even assuming the disposition of this motion is properly before us on appeal, the Chief Judge did not abuse her discretion in denying Mr. Lopez's motion. She was not required by RCFC 40.1(c) to reassign Mr. Lopez's case.

## IV

We have considered the remaining arguments in Mr. Lopez's brief and find them to be without merit. Because Mr. Lopez's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

**AFFIRMED**

COSTS

No costs.