NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER JOSEPH POLINSKI,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1561

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-02124-EGB, Senior Judge Eric G. Bruggink.

---

Decided:  September 4, 2025

---

PETER JOSEPH POLINSKI, Marcy, NY, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Peter Joseph Polinski appeals from the decision of the United States Court of Federal Claims (Claims Court) dismissing his complaint for lack of jurisdiction. SAppx[1] 1–3. For the following reasons, we *affirm*.

## BACKGROUND

In December 2024, Mr. Polinski filed a complaint in the Claims Court, broadly alleging that the Schuyler Town Court, which is a New York state court, and the New York State Treasurer unlawfully seized certain of his assets. SAppx 11–19. The complaint asserted several counts against these New York defendants, including multiple tort claims and alleged violations of the Fourth, Fifth, and Thirteenth Amendments. *Id.* Mr. Polinski also listed the United States as a defendant, alleging liability "through its failure to ensure the proper discharge of obligations by the New York State Treasurer." *Id.* at 16. He sought $468,000,000 in damages. *Id.* at 19.

The Claims Court *sua sponte* dismissed Mr. Polinski's complaint for lack of subject-matter jurisdiction. SAppx 1–3. The Claims Court explained that it lacked jurisdiction over the New York defendants because it may adjudicate claims only against the United States. *Id.* at 3. The Claims Court further found that the complaint failed to identify any money-mandating source of law and concluded that it lacked jurisdiction over tort claims or claims based upon the Fourth Amendment, the Due Process Clause of the Fifth Amendment, or the Thirteenth Amendment. *Id.*

## DISCUSSION

We review the Claims Court's dismissal of a complaint for lack of subject matter jurisdiction de novo. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir.

---

[1] "SAppx" refers to the supplemental appendix filed by the government.

2016). The Claims Court's jurisdiction is generally limited to a monetary claim against the United States based on a contract, the Constitution, or other money mandating source of federal law not sounding in tort. 28 U.S.C. § 1491; *see Boeing Co. v. United States*, 119 F.4th 17, 21 (Fed. Cir. 2024). The Claims Court was correct that Mr. Polinski's complaint failed to assert such a claim.

The complaint primarily challenged actions taken by New York state and local officials and entities. SAppx 12–16. However, the Claims Court lacks jurisdiction over claims against anyone other than the United States. *See* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941). Additionally, the Claims Court lacks jurisdiction over tort claims, *see* 28 U.S.C. § 1491(a)(1), and over claims founded upon non-money-mandating sources of law such as those based on the Fourth Amendment, *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997), the Due Process Clause of the Fifth Amendment, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995), or the Thirteenth Amendment, *Brashear v. United States*, 776 F. App'x 679, 682 (Fed. Cir. 2019) (per curiam).

On appeal, Mr. Polinski argues that the Claims Court adopted an "overly restrictive interpretation of its jurisdiction," asserting that various alleged actions and failures by the United States—including "the failure to redeem a federal obligation" and "systemic corruption"—amount to a taking under the Fifth Amendment. Appellant's Informal Br. 6. These sweeping assertions are insufficient to demonstrate that his complaint asserts a takings claim against the United States. *See Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (explaining that "essentially fictitious" and "obviously frivolous" claims are beyond the Claims Court's jurisdiction (citation omitted)). Mr. Polinski also raises various allegations of criminal conduct, *see* Appellant's Informal Br. 6–9, but the Claims Court

lacks jurisdiction over criminal matters.  *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994).

CONCLUSION

We have considered Mr. Polinski's remaining arguments and find them unpersuasive.  Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.